THE STATE OF KANSAS, *Appellee*, v. GEORGE MARTIN, *Appellant.*

No. 18,549.

### SYLLABUS BY THE COURT.

ARREST—*In Colorado—No Requisition—Sheriff's Fees—Mileage in Kansas Only.* A sheriff with a warrant issued by a justice of the peace went to Colorado and apprehended the defendant, who returned with him without demanding a requisition, and was tried and convicted of a felony not capital. *Held,* that the sheriff is entitled to mileage for the distance traveled in Kansas, only, in serving the process.

Appeal from Kingman district court. Opinion filed May 10, 1913. Modified.

*George L. Hay,* and *L. F. Walter,* both of Kingman, for the appellant.

*John S. Dawson,* attorney-general, *S. N. Hawkes,* assistant attorney-general, and *John H. Connaughton,* county attorney, for the appellee.

The opinion of the court was delivered by

WEST, J.: The sheriff of Kingman county, with a warrant for the arrest of a man charged with a felony —not capital—went to Colorado and apprehended him and brought him to Kingman county, where he was tried and convicted, no requisition having been demanded by him. The sheriff's mileage was $125, and this sum was taxed as costs in the case against the convicted party, and his counsel presents the question whether or not this is a proper charge, asserting that under the statute no expenses can be allowed the sheriff unless he goes armed with a requisition. The state and the sheriff contend that under section 3664 of the General Statutes of 1909, allowing ten cents for every mile actually and necessarily traveled each way in serving or endeavoring to serve any process, this was a proper charge.

The State v. Martin.

The cause was submitted on an agreed statement of facts which recited:

"That said sheriff went to Monta Vista, Colorado, apprehended said George Martin, and that said George Martin voluntarily returned with him to Kingman, Kansas. That no requisition was ever obtained by said sheriff for said defendant. That said George Martin was never formally arrested in the state of Kansas under said warrant."

Bouvier defines apprehension as "The capture or arrest of a person on a criminal charge," and says that the term is applied to criminal cases, while the term arrest is applied to civil cases. (See, also, 1 Words and Phrases, p. 464.) Our code of criminal procedure defines arrest as "the taking of a person into custody, that he may be held to answer for a public offense." (Crim. Code, § 129.) So it would seem, technically speaking, that the sheriff arrested Martin in Colorado and brought him here without a requisition. Martin could have refused to come without service of other papers than the warrant, but he did come, and at least after Kansas was reached he was in the lawful custody of the sheriff, who was armed with a warrant good anywhere in the state. It was not necessary upon reaching the line to make another formal arrest, for the statute provides that: "An arrest is made by an actual restraint of the person of the defendant, or by his submission to the custody of the officer." (Crim. Code, § 130.) Whether, having voluntarily submitted himself to custody in Colorado, Martin could have reconsidered and refused to continue the journey after it was begun need not now be considered. Certainly after crossing the line he was in lawful custody and the sheriff was actually engaged in executing his process. The fee and salary act allows the sheriff ten cents for each mile actually and necessarily traveled each way in serving or endeavoring to serve any process. (Gen. Stat. 1909, § 3664.) Hence there can

be no question that for the Kansas mileage the sheriff was entitled to his statutory fee.

It is argued that as he could have refused to go until a requisition had been procured and would then have been entitled to $5 a day and certain expenses, he ought to be allowed mileage when the real object of a requisition was accomplished by his prompt and faithful efforts without one. The trouble is that the legislature has not so expressed itself. As the warrant had no extraterritorial efficiency we are compelled to hold that the mileage can be taxed only for the distance traveled in this state, which the record shows was 536 miles. To this effect was the decision of the Arizona supreme court in *Yavapai County v. O'Neill,* 3 Ariz. 363, 29 Pac. 430. And such, we think, is the principle governing the situation here presented.

The judgment is therefore modified accordingly.