## VALIDITY OF A STIPULATION WITH RESPECT TO ADVANCEMENTS.

Court of Appeals for Clark County.

RALPH N. STEWART AND CHARLES NICHOLSON v. MARGARET YEAZELL ET AL.

Decided, December 5, 1914.

*Advancements—Heirs of a Grantee Barred from Interest in Real Estate—Where Recital in a Deed Stated that Excess of Value Was in the Nature of an Advancement—Equitable Estoppel.*

Heirs of the grantee in a deed of conveyance between brothers, purporting upon the face thereof to be in the nature of an advancement, who upon the death of the grantor are in possession of the property conveyed and continue thereafter to hold possession under the deed are estopped to deny the validity of the stipulation of said deed in respect to advancements.

*Chase Stewart* and *Bowman & Bowman,* for plaintiffs.
*McMahon & McMahon,* contra.

ALLREAD, J.; FERNEDING, J., and KUNKLE, J., concur.

This cause was originally one for the partition of the lands of which Nathan Nicholson died seized.

The final issue for determination relates to the interest of Nathan R. Nicholson and Maud N. Gest, children of Lemuel Nicholson, deceased.

Nathan Nicholson died intestate seized of the real estate sought to be partitioned, leaving brothers and sisters and their representatives as next of kin.

Nathan R. Nicholson and Maud N. Gest, as representatives of Lemuel Nicholson, took. by descent the legal title to one-eighth

part thereof, unless such right is barred or defeated by the undisputed facts stated in the amended petition and the answer to which the demurrer is interposed.

The undisputed facts in brief are: that on or about January 10, 1911, Nathan Nicholson conveyed to Lemuel Nicholson by deed, a tract of 199½ acres of the value of over $20,000, for a money consideration of $5,000, containing the following recitals in the consideration clause:

"In the consideration of the sum of $5,000 and other good and valuable considerations,"

and also the following in a subsequent part of the deed:

"As to the excess in value of said lands over $5,000 this conveyance is in the nature of an advancement to my brother Lemuel and is in full of his share of my estate."

It is undisputed that Lemuel paid the consideration of $5,000 expressed in the deed and took and held possession of said real estate until his death, when the real estate passed by inheritance to his children, Nathan R. Nicholson and Maud N. Gest, who took and still hold possession thereof, and that the excess in value above $5,000 of the land conveyed exceeds the value of the interest which but for said deed would have descended to said Nathan R. Nicholson and Maud N. Gest in the property of said Nathan Nicholson.

It is contended by defendants Nathan R. Nicholson and Maud N. Gest that under authority of *Needles* v. *Needles,* 7 O. S., 432, the recital contained in the deed to Lemuel in respect to the advancement and the release of Lemuel's possibility in his brother's estate is void.

Upon the contrary, counsel for plaintiff attack the authority of *Needles* v. *Needles* and also assert the doctrine of equitable estoppel.

The doctrine of *Needles* v. *Needles,* at least as expressed in the syllabus has been followed by the Supreme Court in the following cases:  *Hart* v. *Gregg,* 32 O. S., 502; *Smith* v. *Smith,* 57 O. S., 34; *Gilpin* v. *Williams,* 25 O. S., 283; *Duncan* v. *Kline,* 81 O. S., 371; *Carter* v. *Grossnickle,* 11 N.P.(N.S.), 465 (affirmed 88 O. S., 577).

The doctrine of the Needles case is therefore established as abstract law governing the validity of attempted conveyances of expectancies or possibilities of inheritance.

But we think it is equally clear that considerations of equity may readily overcome the abstract legal doctrine and justify a court of equity in the enforcement of the contract or conveyance.

Notwithstanding the broad expressions in the opinion in the case of *Needles* v. *Needles,* we find a recognition of this equitable doctrine. Bartley, J., in the Needles case, makes the following observation:

"Where two of the children contract with each other in regard to their expectancy from their ancestor, they stand upon equal footing, and although such contract can not operate by way of assignment or release, yet where a valuable consideration has been paid, it may operate by way of estoppel, or be enforced in equity."

The generally accepted doctrine that a general warranty deed by an heir of his expectancy operates by way of estoppel is a familiar application of the availability of equitable defenses.

In *Rosenthan* v. *Mayhugh,* 33 O. S., 155, Johnson, Chief Judge, in reviewing the Needles case makes the following observation, which is of peculiar importance:

"That case, so far as it bears on this, merely holds that, at common law, the mere expectancy or chance of succeeding to an estate is not the subject of release or assignment, but, as the opinion shows, may be upheld in equity."

This brings us to a consideration of the sufficiency of the undisputed facts to move a court of equity to validate and enforce the recital of the deed.

It may be conceded that advancements as between collateral kindred were unknown to the common or statutory law of this state.

We are not called upon, however, to extend the doctrine of advancements in a technical sense.

We have here a recital amounting to a contract, the language of which is to be construed. Can there be any doubt that by the

use of the word "advancement" in this recital, that the parties intended to extend the doctrine of advancements to the existing case by stipulation? We think it is unquestionable that the parties to the deed to Lemuel intended that the excess of value above $5,000 in the real estate conveyed should be brought in and considered in the distribution of the grantor's estate upon the principle of advancement.

Such a provision in a case between parent and child would undoubtedly be enforced, and we see no reason why it would not be equitable to enforce a stipulation of this kind against the grantee or his representatives who are in possession of the property conveyed, at the time of the decease of the grantor.

It would certainly be an equitable duty on the part of the representatives of Lemuel, upon the death of their grantor, to bring in the value of their so-called advancement for consideration in the distribution of the grantor's estate. To hold the advancement and repudiate the stipulation, which formed part of the consideration of the conveyance, would be unequitable and unjust.

By retaining the advancement after the inheritance from the grantor became available is such an equitable circumstance as would move a court of equity to give validity to the original recital or stipulation, and would constitute an equitable foundation for estoppel.

There is no authority in this state except perhaps some *obiter* in the Needles case, that reflects upon the soundness of this view, and we are attracted by the justice and reason of the following cases: *Kershaw* v. *Kershaw*, 102 Ill., 337; *Kinyon* v. *Kinyon*, 26 N. Y. Sup., 627.

We therefore hold that Nathan R. Nicholson and Maud N. Gest, under the principle of equitable estoppel, are barred from their interest in the real estate of which Nathan Nicholson died seized.