Tollie WILSON *v.* STATE of Arkansas

CR 77-98                                    556 S.W. 2d 657

Opinion delivered October 24, 1977
(Division II)

*McArthur & Johnson, P.A.,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Robert J. Govar,* Asst. Atty.
Gen., for appellee.

FRANK HOLT, Justice. Appellant was tried before the court, found guilty of robbery and sentenced to three years' imprisonment. He contends that the evidence was insufficient inasmuch as the record fails to establish that he was resisting apprehension when he applied physical force against the arresting officer. Ark. Crim. Code § 41-2103 (1976) reads: "A person commits robbery if with the purpose of committing a theft or resisting apprehension immediately thereafter, he employs or threatens to immediately employ physical force upon another." Appellant admits there was physical force within the meaning of § 41-2103 but argues that since he was already arrested before any force was employed by him, § 41-2103 is inapplicable because he was not resisting apprehension immediately after the alleged theft.

The concepts of arrest and apprehension are used interchangeably "when employed in connection with the taking of a person into custody." 6A C.J.S. Arrests § 2. Black's Law Dictionary, 140 (4th ed. 1951) defines arrest as "[t]he apprehending or detaining of the person in order to be forthcoming to answer an alleged or suspected crime." Apprehension is defined there (p. 130) as "[t]he seizure, taking, or arrest of a person on a criminal charge." Also the concepts of arrest and apprehension have been judicially defined. In *Patterson v. United States,* 192 F. 2d 631 (5th Cir. 1951), cert. den. 343 U.S. 951 (1951), arrest was defined as " 'the apprehension or detention of the person of another in order that he may be forthcoming to answer for an alleged or supposed crime.' " To the same effect is 5 Am. Jur. 2d § 3. Apprehension was defined as " 'the capture or arrest of a person on a criminal charge' " in *State v. Martin,* 89 Kan. 678, 131 P. 1190 (1913). Immediate is defined by Black's Law Dictionary 884 as "a reasonable time in view of particular facts and circumstances of case under consideration."

Here the evidence, viewed in the light most favorable to the state, showed that an officer observed appellant conceal a roast in his clothing and clear the check-out line without paying for it when he paid for other items. The officer then approached appellant, told him he was under arrest and advised him that he would have to come with him to the office in

the store. On the way appellant broke loose from the officer's restraint. In the ensuing fight, appellant was subdued and handcuffed. The officer suffered an injured back and a broken sternum. The evidence is amply sufficient to establish the elements of robbery as that offense is defined by § 41-2103; i.e., a theft and the employment of force immediately after the theft to resist apprehension or arrest.

Appellant next contends that the trial court erred in admitting evidence of a grocery cash register receipt. Appellant argues that the foundation was insufficient to show that the ticket or receipt was appellant's. The officer testified that "[a]lso [in] picking up the groceries that he had purchased, I recovered the receipt showing the things that he had purchased." He verified "[t]hat was the only receipt that was found there, and it checked with the items in the sack." The grocery receipt totaled $5.01. Appellant later testified that the total cost of his purchases "ranged to about six-something, five or six-something." There was ample foundation for the admission of the grocery receipt as evidence.

Affirmed.

We agree: HARRIS, C.J., and FOGLEMAN and ROY, JJ.