Robert Ross WHITE *v.* STATE of Arkansas

CA CR 80-59                             610 S.W. 2d 266
Court of Appeals of Arkansas
Opinion delivered January 14, 1981

E. *Alvin Schay*, State Appellate Defender, by: *Matthew Wood Fleming*, Deputy State Appellate Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Leslie M. Powell*, Asst. Atty. Gen., for appellee.

LAWSON CLONINGER, Judge. Appellant Robert Ross White and Brenda Faye Tayborn were convicted of robbery by the trial court sitting as a jury. Only White prosecutes an appeal. His only contention on appeal is that the trial court erred in not granting his motion for a directed verdict in that the evidence was insufficient to support the charge of robbery. We find that the trial court correctly denied the motion for a directed verdict, and that there was substantial evidence to support the conviction.

In October of 1979 an employee of Osco Drug observed appellant remove merchandise described as a Revlon permanent kit from a shelf and place it in Tayborn's purse. Tayborn opened her purse, appellant deposited the merchandise in it, and Tayborn then closed her purse.

Appellant and Tayborn were approached by an Osco employee who asked them to go upstairs with him. They wanted to know why, and were told they had been observed

placing merchandise in Tayborn's purse. Appellant then opened Tayborn's purse, threw the merchandise on a shelf, knocking down some things, and the item fell to the floor, breaking. Appellant said, "Let's leave the store," and the two started moving up and down the aisles in different directions, turning and going in another direction when an aisle was blocked by employees. An employee locked one door, and when he went to lock the other he was rammed from the rear by appellant. A struggle ensued, other employees intervened, and appellant was subdued. There was obscene and abusive language used, and threats were made by appellant. After appellant was subdued, Tayborn attempted to strike one employee with a clothes rack, and kicked another employee.

Appellant and Tayborn were charged with the crime of robbery under Ark. Stat. Ann. § 41-2103, which provides:

ROBBERY. (1) A person commits robbery if with the purpose of committing a theft or resisting apprehension immediately thereafter, he employs or threatens to immediately employ physical force upon another. (2) Robbery is a class B felony.

The State charged that the defendants employed physical force against two employees of Osco Drug with the purpose of avoiding apprehension immediately after the commission of a theft.

Appellant does not argue a lack of evidence of the use of physical force, and in any event, there is substantial evidence to support such a finding. He contends that there is no testimony to establish that at the time appellant exercised physical force against another person, he had, in fact, committed a theft, and that at no time did the witnesses testify that appellant used physical force prior to the returning of the merchandise to the shelf. The sole issue, then, remaining to be resolved is, "Was there a theft?"

The relevant portion of Ark. Stat. Ann. § 41-2203 provides that a person commits theft of property if he exercises unauthorized control over the property of another with

the purpose of depriving the true owner of it; that the theft is a class B felony if the value of the property is $2500 or more; that the theft is a class C felony if the value of the property is less than $2500 but more than $100; that, otherwise, theft is a class A misdemeanor.

The standard of review on appeal is that this court will affirm if there is any substantial evidence to support the verdict. *Lunon* v. *State*, 264 Ark. 188, 569 S.W. 2d 663 (1978); *Murphy* v. *State*, 248 Ark. 794, 454 S.W. 2d 302 (1970); *Abbott* v. *State*, 256 Ark. 558, 508 S.W. 2d 733 (1974). In testing the sufficiency of evidence, this court will review the evidence in the light most favorable to the State. *Lunon, supra*; *Abbott, supra*.

The fact that evidence is circumstantial does not render it insubstantial — the law makes no distinction between direct evidence of a fact and evidence of circumstances from which a fact may be inferred. *Williams* v. *State*, 258 Ark. 207, 523 S.W. 2d 377 (1975). As noted in *Smith* v. *State*, 264 Ark. 874, 575 S.W. 2d 677 (1979), intent is a state of mind which is not ordinarily capable of proof by direct evidence, so it must be inferred from the circumstances. In the *Smith* case, the Arkansas Supreme Court reversed a conviction for theft on the grounds that the trial court was only left to speculation and conjecture in reaching the conclusion that Smith had the intent to deprive the owner of his property. In *Smith*, appellant had been observed concealing cigarettes in her coat, but passed them to her sister in the check-out line before she was confronted. In reversing, the court stated that if appellant had been accused of trying to steal the cigarettes, even inferentially, before she passed them to her sister, it would have been a different situation.

In *Jarrett* v. *State*, 265 Ark. 662, 580 S.W. 2d 460 (1979), a security guard observed Jarrett take a grocery cart of meat into a storeroom marked "Employees Only" and place the meat in sacks that had been stuck in the back of his pants. Jarrett ran when he saw the security guard, and a fight ensued. The Arkansas Supreme Court affirmed Jarrett's robbery conviction, observing:

"The trial judge could infer from the evidence that Jarrett was exercising unauthorized control over the property with the intention of taking it out of the store in sacks, as if it had been paid for."

Applicable to this action is the shoplifting presumption found in Ark. Stat. Ann. § 41-2202 (2):

(2) Shoplifting Presumption. The knowing concealment, upon his person or the person of another, of unpurchased goods or merchandise offered for sale by any store or other business establishment shall give rise to the presumption that the actor took goods with the purpose of depriving the owner, or another person having an interest therein.

In the instant case the presumption arose when appellant concealed the merchandise in Tayborn's purse, and his actions, after confrontation, in throwing the item onto a shelf as he fled, do nothing to rebut the presumption. Nothing in his conduct indicated that he was renouncing an intent to commit theft.

In addition to the shoplifting presumption there is evidernce to support the finding of the trial court that there was a theft. Appellant's flight following the commission of the offense is a circumstance to be considered with the other evidence in determining probable guilt, as is the conduct of the accused during the period of his flight, including any criminal conduct constituting an inseparable part of the flight. *Murphy* v. *State*, 255 Ark. 90, 498 S.W. 2d 884 (1973).

It is the duty of this court to enforce the statute as it is written as was done in *Wilson* v. *State*, 262 Ark. 339, 556 S.W. 2d 657 (1977) and *Jarrett*. There is substantial evidence to support the finding that appellant committed a theft, and that with the purpose of resisting apprehension immediately thereafter, he employed physical force upon an employee, or employees, of Osco Drug.

Affirmed.