## Alee PEPPERS *v.* STATE of Arkansas

CA CR 81-37                                             623 S.W. 2d 544

### Court of Appeals of Arkansas
### Opinion delivered November 12, 1981

*L. D. Gibson,* for appellant.

*Steve Clark,* Atty. Gen., by: *William C. Mann, III,* Asst. Atty. Gen., for appellee.

JAMES R. COOPER, Judge. Appellant entered a plea of guilty to a charge of theft of property on February 15, 1980, and the court suspended imposition of sentence and placed him on probation for a period of five years. On January 8, 1981, the prosecuting attorney's office filed a petition to revoke the probation, alleging that appellant had violated the terms of his probation by committing the crimes of third degree battery and fleeing and that he had failed to pay his fine and court costs and restitution as required by the earlier order. After a hearing, the trial court granted the revocation petition and sentenced appellant to ten years in the Arkansas Department of Corrections.

The only issue raised on appeal is that the court erred in finding by a preponderance of the evidence that appellant had inexcusably failed to comply with the conditions of his probated sentence.

The proof adduced at trial on the battery charge was conflicting. The victim testified that the appellant had struck her with various objects, causing her nose to bleed and inflicting bruises and cuts upon her and she further testified that his attack was unprovoked. The appellant testified that she started the fight. It is the duty of the trier of fact to reconcile conflicts in the testimony and we cannot say that the determination that appellant had committed the crime of third degree battery was against a preponderance of the evidence or was clearly erroneous.

The trial court's finding that the State had proved by a preponderance of the evidence that appellant was guilty of fleeing is also supported by a preponderance of the evidence. Several police officers testified that after identifying themselves, appellant ran from them and it took approximately two hours to capture him. They were seeking appellant on a warrant based on the battery charge. We find no error on this point.

The trial court further found that the appellant had inexcusably failed to pay his restitution and fine as required by the earlier order of the court as a condition of probation. It is unquestioned that the fine, costs, and restitution had not been paid. The only excuse provided by appellant was that he had been unable to find work. The trial judge was in a position to observe the appellant and to assess his credibility, and we find ample justification for a finding by the court that the appellant's failure to pay his fine, costs, and restitution was inexcusable.

In revocation cases, we will not overturn a decision by the trial court to grant a petition to revoke unless it is clearly against a preponderance of the evidence. *Cureton v. State,* 266 Ark. 1034, 589 S.W. 2d 204 (Ark. App. 1979); *Pearson v. State,* 262 Ark. 513, 558 S.W. 2d 149 (1977). Since the evidence in this case clearly supports the finding that appellant inexcusably violated the conditions of his probation, the trial court correctly exercised its prerogative to revoke his probation.

Affirmed.

CRACRAFT and GLAZE, JJ., concur.

GEORGE K. CRACRAFT, Judge, concurring. While I concur with the result reached by the majority, I feel compelled to go one step further. Rule 9 of the Supreme Court and Court of Appeals in subsecton (d) requires of the appellant that he furnish us with an abstract of the record consisting of an impartial condensation of the material parts of the pleadings, proceedings, facts and orders in the record necessary to an understanding of the questions presented this court for decision. The brief filed by appellant in this case was flagrantly deficient in this respect. Appellant failed to abstract any of the pleadings and orders of the court. Only that evidence on which he relied was incorporated in his argument, making reference to those pages of the transcript where that evidence might appear. Had the Office of the Attorney General not abstracted the record, as permitted in Rule 9 (e) (1), this appeal should have been dismissed. While the interests of justice are well served when

the Attorney General files a brief containing an adequate abstract, that office is not required to do so under that rule. The expense in both cash outlay and manpower incurred in abstracting the record is the responsibility of the appellant and should not be required of the appellee.

In far too many cases the briefs submitted by appellants are inadequately abstracted. This results not only in an imposition on the appellee, but this court as well. Although the additional abstracting by the appellee may remove the prospect of dismissal of the appeal, the requirement that we reread an appellant's brief in the light of subsequently disclosed information found in appellee's brief is a total waste of judicial time and works to defeat the very purpose for which Rule 9 was promulgated — to aid in the speedy determination of appeals.

This is happening with such frequency that I am constrained to call to the attention of the bar not only the requirements of Rule 9 (d) but the consequences which may result under Rule 9 (e) in those instances where it is not complied with.

I am hereby authorized to state that GLAZE, J., joins in this concurrence.