Eddie Dean SMITH, Jr. *v.* STATE of Arkansas

CA CR 83-18                                    652 S.W.2d 641

Court of Appeals of Arkansas
Opinion delivered June 22, 1983

*Mary Thomason McKinnon,* for appellant.

*Steve Clark,* Atty. Gen., by: *Velda P. West,* Asst. Atty. Gen., for appellee.

Tom Glaze, Judge. In November, 1981, appellant Eddie Dean Smith, Jr., entered a plea of guilty to theft of property and received a ten-year suspended sentence. On June 18, 1982, appellant was charged with two counts of burglary of residential homes. On November 2, 1982, the State filed a petition to revoke the suspended sentence, alleging that appellant had violated the terms of his suspended sentence by committing burglary. After a revocation hearing, the trial court revoked the suspension. On appeal, appellant contends: (1) he was found guilty of criminal offenses without a trial by jury and without the proper burden of proof in violation of the Sixth and Fourteenth Amendments; and (2) the revocation of his suspended sentence was an abuse of discretion.

To revoke a suspended sentence the State must prove by a preponderance of the evidence that the defendant violated a condition of his suspension. We will not reverse a decision of the trial court to revoke a suspended sentence unless we find it clearly against the preponderance of the evidence. *Brewer* v. *State,* 274 Ark. 38, 621 S.W.2d 698 (1981); *Peppers* v. *State,* 3 Ark. App. 166, 623 S.W.2d 544 (1981). Our study of the record reveals the trial court's decision is not clearly against the preponderance of the evidence. Therefore, we affirm.

At the revocation hearing, two police officers testified that their investigation of the burglaries of two homes resulted in the arrest of Thomas Cobb. Cobb, an alleged accomplice in the crimes, implicated the appellant in the crimes and made a written statement to the police. The officers testified that the appellant also gave them a statement in which he admitted that he entered the two homes in question and took certain items which were reported

missing. Between the time the statements were given and the hearing, the officers' investigative file containing the statements disappeared; thus, the statements could not be introduced into evidence.

Thomas Cobb testified at the hearing that his statement implicating appellant in the crime resulted from police threats and coercion. Appellant testified that he did not commit the burglaries for which he was charged. He denied having been questioned at all by the two officers who testified at the hearing. Instead, he named two other officers in the detective division whom he claims questioned him. He admitted having been given a copy of a statement by his attorney, but denied having made the statement.

Appellant's first contention is two-fold: (1) he was constitutionally entitled to and denied a jury trial, and (2) the burden of proof was wrongfully reduced from "beyond a reasonable doubt" to "a preponderance." Because this argument has been decided by our Supreme Court, we can dispose of this point quickly. In support of his argument, appellant cites only § 5.3 of the American Bar Association's "Standards Relating to Probation," which states:

> "[A] revocation proceeding based solely upon the commission of another crime ordinarily should not be initiated prior to the disposition of that charge."

Relying on § 5.3, appellant argues that the two burglary charges were still pending when the State relied on them to revoke his suspended sentence; therefore, the trial court could not hear the revocation matter until the burglary charges were decided. However in *Ellerson* v. *State,* 261 Ark. 525, 549 S.W.2d 495 (1977), the Arkansas Supreme Court, in referring to § 5.3 above, noted:

> "It is significant . . . that this standard has not been adopted in Arkansas, in spite of the fact that it was specifically pointed out in 1971 that Arkansas law, as expounded in *Gross* v. *State,* 240 Ark. 926, 403 S.W.2d 75, was contrary to the standard."

*Ellerson,* 261 Ark. at 531, 549 S.W.2d at 498.

One year later the Court stated, "We find no merit to appellant's contention that he was denied a right of a jury trial. Arkansas has not adopted the American Bar Association's 'Standards Relating to Probation' § 5.3." *Hughes* v. *State,* 264 Ark. 723, 728, 574 S.W.2d 888, 891 (1978).

For his second point, appellant argues that revocation of his suspended sentence was an abuse of the trial court's discretion and was not based upon fact. Appellant relies upon *United States* v. *Jackson,* 450 A.2d 419 (D.C. Ct. App. 1982), for steps a trial court must take in conducting a hearing when a statement has been lost or destroyed. Of course, the *Jackson* case is not binding precedent on this Court; but even if it were, the holding in *Jackson* is simply not applicable to the facts at bar. In brief, the *Jackson* case involved federal discovery under the Jencks Act, 18 U.S.C.A. § 3500 (d), (e) (2), and there Jackson relied upon procedures applicable to lost or destroyed "statements" as defined by the Act.

Appellant's contention that the trial court abused its discretion in revoking the suspended sentence is based largely upon his disagreement with the findings made by the court in weighing and evaluating the evidence. It was the court's responsibility to resolve the conflicts and to determine the credibility of the witnesses. The court was not required to give greater weight to the testimony of the appellant than it gave to that of the police officers. *Smith* v. *State,* 256 Ark. 67, 505 S.W.2d 504 (1974). When a question turns on the credibility of witnesses, this court will defer to the superior position of the trial court. *Leeper* v. *State,* 264 Ark. 298, 571 S.W.2d 580 (1978).

We find that the trial court neither violated appellant's constitutional rights nor abused its discretion in revoking appellant's suspended sentence.

We affirm.

Affirmed.