**David L. WELTON, Appellant,**

v.

**Crispus NIX, Appellee.**

**No. 83–1657.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 25, 1983.

Decided Oct. 31, 1983.

Paul A. Zoss, David L. Davitt, Myers, Knox & Hart, Des Moines, Iowa, for appellants.

Thomas J. Miller, Atty. Gen. of Iowa, Thomas D. McGrane, Asst. Atty. Gen., Des Moines, Iowa, for appellee.

Before HEANEY, ROSS and ARNOLD, Circuit Judges.

ARNOLD, Circuit Judge.

David Welton was convicted of "willful injury" in violation of Iowa Code § 708.4 (1979). Welton had a fight with the woman who was living with him, and broke her jaw in two places. In order to be guilty of the crime of "willful injury" in Iowa, a defendant must have caused a "serious injury," and that phrase is defined to include "protracted loss or impairment of the function of any bodily member or organ." Iowa Code § 702.18 (1979).

■ In this federal habeas corpus proceeding, Welton argues that a jawbone is not a "bodily member or organ." He also claims that his companion's loss of use of her jaw cannot be deemed "protracted." The victim's jaw was wired shut for about six weeks. The Iowa courts' interpretation of the statute to cover petitioner's conduct, he says, is so unexpected as to violate the Due Process Clause of the Fourteenth Amendment. The District Court [1] rejected this contention, and so do we.

*Knutson v. Brewer,* 619 F.2d 747 (8th Cir.1980), also an Iowa case, is in point. Knutson had been convicted of kidnapping for ransom under Iowa Code § 706.3 (1971). That statute required that the victim be held for ransom, and the ransom could be "any money, property, or thing of value." The proof showed that Knutson had kidnapped a woman and demanded that she commit sodomy. The Iowa courts held that sexual gratification was a "thing of value" within the meaning of the kidnapping-for-ransom statute, and that Knutson was therefore properly convicted of this crime, instead of the lesser offense of simple kidnapping. On habeas, we upheld this conviction against the same kind of due-process challenge that Welton makes here.

■ So far as state law is concerned, the courts of Iowa may give to the terms "member," "organ," and "protracted" whatever meaning they wish. We are obliged to accept their interpretation, just as though it were written into the statute in so many words. Our task is only to decide whether the Iowa courts' interpretation of their own law is so unexpected, so outlandish, that no reasonable person could have expected it. See *Bouie v. City of Columbia,* 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964). Measured by this standard, petitioner's challenge must fail. A jawbone could well be a "member," in the sense of a part, of the body, if not actually an "organ." And six weeks no doubt seems "protracted" to one whose jaws are wired shut.

What we said in *Knutson, supra,* applies here:

> [W]e think it significant that the issue of construction involved here is not the drawing of a line between legal conduct and illegal conduct. What [Welton] did was unlawful under any interpretation of Iowa law, and he makes no contention to the contrary. His position, reduced to its simplest terms, is that he had a right to expect that he would be convicted for [simple assault] only, rather than for [willful injury]. This kind of reliance interest is not, in our view, entitled to a great deal of weight. When a person does an act that he well knows to be a violation of *some* law, and when a statute is later interpreted to cover his conduct in a way that does not do violence to the ordinary understanding of the English language, the Fourteenth Amendment is not offended.

619 F.2d at 750 (footnote omitted) (emphasis supplied). In addition, "[i]n applying the rule against vagueness or overbreadth something . . . should depend on the moral quality of the conduct." Freund, *The Supreme Court and Civil Liberties,* 4 Vand.L.

---

1. The Hon. Donald E. O'Brien, United States District Judge for the Southern and Northern Districts of Iowa.

Rev. 533, 540 (1951), quoted with approval in *Bouie v. City of Columbia, supra,* 378 U.S. at 362 n. 9, 84 S.Ct. at 1707 n. 9. See also *Rose v. Locke,* 423 U.S. 48, 96 S.Ct. 243, 46 L.Ed.2d 185 (1975) (per curiam) (statute prohibiting the "crime against nature" held not fatally vague).

Affirmed.