Benjamin Dewayne SCOTT *v.* STATE of Arkansas

CA CR 88-181                    764 S.W.2d 625

Court of Appeals of Arkansas
Division II
Opinion delivered February 15, 1989

2

*Angela Yvette Baxter*, for appellant.

*Steve Clark*, Att'y Gen., by: *David B. Eberhard*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. This appeal arises from the revocation of the appellant's probation. On July 27, 1987, the appellant pled guilty to theft of property and theft by receiving. He was placed on five years probation for each charge. One condition of the appellant's probation was that he not violate any federal or state law. On November 13, 1987, the prosecuting attorney filed a petition to revoke appellant's probation alleging that the appellant had committed robbery. After a hearing on January 25, 1988, the appellant's probation was revoked and he was sentenced to five years in the Arkansas Department of Correction on the theft of property and five years on theft by receiving. The trial court ordered the appellant to serve the

sentences consecutively. The appellant argues on appeal that the evidence is insufficient to support the revocation; that the trial court's sentence was excessive; and that the appellant's rights to due process and equal protection were violated to the degree that it shocks the conscience and sense of justice.

To revoke a probated sentence the State must prove by a preponderance of the evidence that the defendant violated a condition of his probation. We will not reverse a decision of the trial court to revoke a suspended sentence unless we find it clearly against the preponderance of the evidence. *Brewer* v. *State*, 274 Ark. 38, 621 S.W.2d 698 (1981); *Smith* v. *State*, 9 Ark. App. 55, 652 S.W.2d 641 (1983). A person commits robbery if, with the purpose of committing a theft or resisting apprehension immediately thereafter, he employs or threatens to immediately employ physical force upon another. Ark. Code Ann. § 5-12-102(a) (formerly Ark. Stat. Ann. § 41-203 (Repl. 1977)). Our review of the record reveals the trial court's decision is not clearly against the preponderance of the evidence.

At the revocation hearing, James Dial, a security officer for K-Mart, testified that on November 5, 1987, he saw the appellant enter the K-Mart store, go to the menswear department, take a coat and tie and place the tie in the pocket of the coat. The appellant then walked to the service desk and asked the clerk to page Thomas Terry. According to Dial, the appellant then began walking towards the front door. Dial stopped him in the foyer and asked him to go to the back of the store to discuss the situation. The appellant began walking with Dial, but stopped and stated that he had to go tell his mother where he was. Dial indicated that he wanted to speak with the appellant first. Dial testified that at that point, the appellant broke away from him and swung his right arm, striking Dial with enough force to knock him down. The appellant then ran out the front door with the coat and tie, jumped into a car, and sped away. The police were called, and after the appellant was apprehended, he was identified in a lineup by Dial.

Collette Dockett, the clerk at the service desk, identified the appellant as the person who asked her to page Thomas Terry, and stated that she witnessed the incident. Her testimony was essentially the same as Dial's, with the exception that she believed

that the appellant was stopped inside the store rather than in the foyer.

The appellant, testifying in his own behalf, stated that he went to the front of the store with the jacket to ask a friend's opinion about it, and when he could not find the friend, he asked that he be paged. He stated that he broke and ran when Dial apprehended him because he was afraid he would not be believed and would be sent to jail. However, the trial court was not required to believe the appellant's testimony especially in light of the fact that the appellant was the one most interested in the outcome. *Fitzpatrick* v. *State*, 7 Ark. App. 246, 647 S.W.2d 480 (1983).

The appellant relies on the case of *Jarrett* v. *State*, 265 Ark. 662, 580 S.W.2d 460 (1979), for the proposition that the appellant's actions in resisting apprehension did not amount to the force necessary to be convicted of robbery. In *Jarrett*, the appellant was apprehended while attempting to steal meat from a store. In resisting apprehension, a fight broke out between the appellant and the security officer, and eventually the officer's gun discharged. While in the present case, the altercation between the appellant and the security officer was not as violent as the one in *Jarrett*, we hold that striking the security officer with enough force to knock him to the ground constitutes physical force as defined in Ark. Code Ann. § 5-12-102 (1987). The Code defines physical force as any bodily impact, restraint, or confinement or the threat thereof.

The appellant's last two arguments are concerned with the alleged severity of his sentences.

If a sentence is within the limits set by the legislature, it is legal. *Parker* v. *State*, 290 Ark. 94, 717 S.W.2d 197 (1986). Both of the appellant's convictions for theft of property and theft by receiving were class C felonies, with the sentencing range being from three to ten years. Ark. Code Ann. § 5-4-401(a)(4) (1987) (formerly Ark. Stat. Ann. § 41-901 (Supp. 1985)), and whether multiple sentences are to be served concurrently or consecutively is a matter within the sound discretion of the trial judge. *Chancellor* v. *State*, 14 Ark. App. 64, 684 S.W.2d 831 (1985). Furthermore, punishment authorized by a statute is never cruel or unusual or disproportionate to the nature of the

offense unless it is a barbarous one unknown to the law or so wholly disproportionate to the nature of the offense as to shock the moral sense of the community. *Parker, supra*; *Hinton* v. *State*, 260 Ark. 42, 537 S.W.2d 800 (1976). In light of the fact that the appellant committed robbery less than four months after pleading guilty to theft of property and theft by receiving, we do not find the appellant's sentences to be either excessive or shocking to the conscience.

Affirmed.

CORBIN, C.J., and ROGERS, J., agree.