Archie WILSON *v.* STATE of Arkansas

CR 89-195                                 783 S.W.2d 852

Supreme Court of Arkansas
Opinion delivered February 12, 1990
[Rehearing denied March 19, 1990.*]

*Price, J., not participating.

*Val P. Price*, for appellant.

*Steve Clark*, Att'y Gen., by: *Sandra Bailey Moll*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant was convicted of burglary and theft of property. On appeal, he claims the state's evidence was insufficient to support the theft conviction. We disagree and affirm.

Under Ark. Code Ann. § 5-36-103(a)(1) (Supp. 1989), a person commits theft of property if he knowingly takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in, the property of another person, with the purpose of depriving the owner thereof. Here, appellant and an accomplice, Lee Turner, were seen entering the apartment of Kim Cruise at a time she was out of town. The witnesses observing the appellant and Turner called the police and then called on the assistance of the apartment complex's maintenance supervisor and four men, who were nearby playing basketball. Upon reaching Cruise's apartment, the men opened the door and saw appellant holding a stereo and a big TV; Turner was holding a pillow case with stuff in it. The apartment was in shambles. The appellant and Turner ran out of the apartment after putting down the items they were holding. When they were caught by the men who had found them, appellant had none of Cruise's property, but Turner had possession of a watch and lighter owned by Cruise.

Appellant contends that because he never left Cruise's premises with any property, the state failed to prove he had consummated the crime of theft, as defined under § 5-36-103 (a)(1). Such an argument is contrary to case law.

In *Jarrett* v. *State*, 265 Ark. 662, 580 S.W.2d 460 (1979), this court affirmed Jarrett's conviction for theft of property where

the evidence showed that he loaded a shopping cart with meat, rolled it into the storeroom where the public was not supposed to be, and began putting the meat into sacks that he had stuck in the back of his pants. Jarrett was stopped while he was loading the meat into sacks in the store, and therefore he was arrested before leaving the store with the meat. In affirming the conviction, this court stated that it was reasonable for the trial judge to believe that, if Jarrett had meant to buy the large quantity of packaged meat, he would have taken it to the check-out counter. Further, this court held that the trial judge could infer from the evidence that Jarrett was exercising unauthorized control over the property with the intention of taking it out of the store in sacks, as if it had been paid for. In fact, the court stated that no other explanation for Jarrett's conduct is readily apparent. *See also White* v. *State*, 271 Ark. 692, 610 S.W.2d 266 (Ark. App. 1981).

■ The rule and holding in *Jarrett* are controlling here. Witnesses testified that they saw the appellant and Turner break into Cruise's apartment. The men who were called to help said that they saw the appellant with a television and stereo in his hands while he was standing in Cruise's living room. The appellant had removed the television from where the victim kept it in the apartment and was obviously ready to remove it from the premises. In fact, Turner, his accomplice, testified that he and the appellant planned on stealing items from the apartment. His story was sufficiently corroborated by the men who testified that when they entered the Cruise apartment, they discovered the appellant holding the television. Definitely, the jury could have reasonably inferred from the evidence that the appellant had the intent of depriving the victim of her television, and as shown by the holding in *Jarrett*, actual removal of the items from the apartment is not necessary to show theft.

■ Even if we had found merit in appellant's foregoing contention, he was clearly guilty as an accomplice. This court has repeatedly held that there is no distinction between the criminal responsibility of an accomplice and the person who actually commits the offense. *Swaite* v. *State*, 272 Ark. 128, 612 S.W.2d 307 (1981); *see also* Ark. Code Ann. §§ 5-2-402(2) and 2-403(a) (1987). The trial court here instructed the jury as to accomplice liability.

■ The evidence reflects the appellant accompanied Tur-

ner when they unlawfully entered Cruise's apartment. Turner admitted that upon entering the apartment, they intended to steal items of property. Turner also admitted he had a lighter and watch belonging to Cruise when he left her premises and was subsequently apprehended. Turner was clearly guilty of theft under these circumstances and, at the very least, the evidence shows the appellant actively planned and participated in Turner's commission of the crime.

We affirm.