James A. BECKER, Appellant,

v.

A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.

No. 91–2317.

United States Court of Appeals, Eighth Circuit.

Submitted June 10, 1992.

Decided Aug. 3, 1992.

Rehearing Denied Oct. 23, 1992.

Calvin Gibson, North Little Rock, Ark., for appellant.

Pamela Rumpz, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before RICHARD S. ARNOLD, Chief Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

MAGILL, Circuit Judge.

James A. Becker appeals the district court's[1] denial of habeas corpus relief. Becker invokes the "void for vagueness" doctrine with respect to the Arkansas robbery statute. He also argues that the evidence was insufficient to uphold his conviction. We affirm.

## I.

Becker was shopping in the Rogers, Arkansas, Food–4–Less supermarket when the store's assistant manager saw him stuff a package of ham into his coat. The assistant manager alerted an off-duty police officer, who was providing security at the store. Becker proceeded through the checkout lane, purchasing one package of ham and a package of lighter flints. He did not pay for the package of ham concealed in his coat. As Becker was leaving

---

1. The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

the store, the assistant manager and the police officer confronted him. The two men asked Becker to accompany them to the store office. Becker complied.

Inside the office, the officer asked Becker for identification. Becker said he was not carrying identification and gave a false name to the officer. The officer then asked Becker for the ham, which Becker handed to him. The officer placed Becker under arrest and asked him for his coat. Becker gave his coat to the officer, who searched it for weapons. The officer then asked Becker to turn around and place his hands behind his head so that the officer could conduct a pat search. Becker refused.

While the three men were still in the office, Becker grabbed his jacket and attempted to leave. The officer grabbed the jacket and forced Becker into a chair. Becker immediately sprang from the chair, shoved the officer against the wall, and ran for the door. The officer leaped on Becker and the ensuing struggle spilled from the office onto the sales floor. After two greeting card displays were damaged, the officer, the store manager, and three customers finally subdued Becker. The entire episode, from the time Becker left the checkout counter until he was subdued, lasted from five to fifteen minutes.

Becker was tried for robbery and convicted by a state court jury. He was sentenced as a habitual offender to fifteen years in prison. The Arkansas Supreme Court affirmed the conviction. *Becker v. State*, 298 Ark. 438, 768 S.W.2d 527, 529 (1989). Becker filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1988), alleging the Arkansas robbery statute was unconstitutionally vague and overbroad, there was insufficient evidence to support the conviction, and the state failed to make a proper in-court identification.[2] The magistrate judge[3] found that the statute was not unconstitutionally vague or overbroad and that the evidence was sufficient to support the conviction. The dis-

trict court adopted the magistrate judge's proposed findings. This appeal followed.

## A. Vagueness

■ Becker claims that the Arkansas robbery statute is unconstitutionally vague. The statute provides:

A person commits robbery if, with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately thereafter, he employs or threatens to immediately employ physical force upon another.

Ark.Code Ann. § 5–12–102 (Michie Supp. 1991). Becker argues the statute is unconstitutionally vague because it does not define the term "immediately." He argues the statute's use of the term "immediately" does not give him fair warning that his outburst, occurring five to fifteen minutes after the theft, would constitute robbery.

■ It is up to the states to define conduct that is made criminal by their laws. *McMillan v. Pennsylvania*, 477 U.S. 79, 85, 106 S.Ct. 2411, 2415, 91 L.Ed.2d 67 (1986). These laws do not offend due process unless they violate some fundamental principle of justice. *Id.* Due process, however, does require that laws provide notice to the ordinary person as to what constitutes prohibited activity. *United States v. Kaylor*, 877 F.2d 658, 661 (8th Cir.), *cert. denied*, 493 U.S. 871, 110 S.Ct. 198, 107 L.Ed.2d 152 (1989). In assessing the vagueness of a statute, courts look to the common usage of the statutory language, judicial explanations of the language's meaning, and previous applications of the statute to the same or similar conduct. *Id.*

■ The courts of Arkansas may give the term "immediately" whatever meaning they wish. "We are obliged to accept their interpretation, just as though it were written into the statute in so many words. Our task is only to decide whether the ... courts' interpretation of their own law is so unexpected, so outlandish, that no reason-

---

**2.** Becker has not appealed the identification issue.

**3.** The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

able person could have expected it." *Welton v. Nix,* 719 F.2d 969, 970 (8th Cir.1983). The Arkansas Supreme Court has defined "immediately" under its robbery statute as "a reasonable time in view of particular facts and circumstances of case under consideration." *Wilson v. State,* 262 Ark. 339, 556 S.W.2d 657, 658 (1977). We cannot say the state's definition of "immediately" was so unexpected or outlandish that it failed to give a reasonable person notice that an attack on an arresting officer within minutes of apprehension constitutes robbery under Arkansas laws.

Moreover, Arkansas courts repeatedly have applied this definition under similar fact situations. Numerous courts have found that persons who respond to shoplifting arrests with violence or threats of violence are guilty of robbery. *See Wilson,* 556 S.W.2d at 658; *Thompson v. State,* 284 Ark. 403, 682 S.W.2d 742, 744 (1985); *Jarrett v. State,* 265 Ark. 662, 580 S.W.2d 460, 461 (1979) (en banc); *Scott v. State,* 27 Ark.App. 1, 764 S.W.2d 625, 627 (1989); *Williams v. State,* 11 Ark.App. 11, 665 S.W.2d 299, 300 (1984); *White v. State,* 271 Ark. 692, 610 S.W.2d 266, 268 (App.1981). Therefore, Becker had sufficient notice that his conduct violated the Arkansas robbery statute.

### B. Sufficiency of the Evidence

Becker contends evidence was insufficient to show that his attack on the officer was "immediate" in terms of the robbery statute. In reviewing a sufficiency of the evidence claim on a habeas petition, we must view the evidence in the light most favorable to the government and determine whether *"any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original). When a state appellate court has concluded that the evidence was sufficient to support a conviction, that finding must be given great deference by federal courts. *Ward v. Lockhart,* 841 F.2d 844, 846 (8th Cir.1988).

Viewing the evidence in the light most favorable to the government, the entire episode, from the time Becker was confronted at the door until the time he was subdued, lasted less than five minutes. Based on the facts and circumstances present at the time, a rational trier of fact could conclude that the outburst occurred "immediately" after the theft under the definition enunciated in *Wilson.* Therefore, evidence was sufficient to uphold the conviction.

II.

For the foregoing reasons, the judgment of the district court is affirmed.

HENLEY, Senior Circuit Judge, dissenting.

I respectfully dissent.

As the majority recognizes, due process requires that laws provide notice to the ordinary person as to what constitutes prohibited activity. *United States v. Kaylor,* 877 F.2d 658, 661 (8th Cir.), *cert. denied,* 493 U.S. 871, 110 S.Ct. 198, 107 L.Ed.2d 152 (1989). And while if considering the question de novo I might reach a different result, reluctantly I must agree that Arkansas' definition under the statute in question is not so outlandish, arbitrary or unexpected that the statute as construed is unconstitutionally vague.

Thus, I turn to consideration of sufficiency of the evidence to show "immediacy" in terms of the robbery statute.

The due process clause of the fourteenth amendment requires that the prosecution prove beyond a reasonable doubt every essential element of the crime charged. *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970). Although a state court's determination that the evidence was sufficient to support a conviction is entitled to great deference by this court, *see Jackson v. Virginia,* 443 U.S. 307, 323, 99 S.Ct. 2781, 2791, 61 L.Ed.2d 560 (1979), it is this court's obligation to provide habeas relief where a state conviction has been secured at the expense of a constitutional right. *See id.; Ward v. Lockhart,* 841 F.2d 844, 846 (8th

Cir.1988). I disagree with the majority's view that the evidence was sufficient to prove that Becker used physical force to resist apprehension immediately after a misdemeanor theft, and, therefore, I believe that he is entitled to habeas relief.

Even when viewed in the light most favorable to the prosecution, the evidence established that Becker did not resist the officer and store assistant manager when they initially approached him at the store's exit. He accompanied them without resistance to the store's office. Once within the office, he cooperated for some time; he produced the ham on request and took off his coat and agreed to let the officer search it. When Becker eventually did use force, he did not initiate it, but pushed the officer after the officer jerked Becker's coat out of his hands and shoved him into a chair. The "ensuing struggle" amounted to Becker trying to get out of the officer's grip and the officer holding on until Becker's shirt was almost completely ripped off his body. Becker never verbally threatened the officer or anyone else; he never tried to take the officer's gun from him; and he never tried to pick up an object to use as a weapon.

The jury, instructed on second-degree battery, third-degree battery, and robbery, acquitted Becker of battery charges, and was left with only the robbery instruction. If the state had proceeded against Becker for shoplifting and resisting arrest, instead of robbery, Becker might have faced two Class A misdemeanor convictions, with sentences not to exceed one year each. Becker also would not have been classified as an habitual offender for sentencing purposes. *See* Ark.Code Ann. § 5–36–103(4) (1987) (misdemeanor theft); Ark.Code Ann. § 5–54–103(a), (b) (1987) (resisting arrest); Ark. Code Ann. § 5–4–401(b)(1) (1987) (sentence for Class A misdemeanor); Ark.Code Ann. § 5–4–501 (1987) (sentencing for habitual offenders convicted of a felony).[1] Here the jury was not given this choice. In my view, a rational jury could not have found

beyond a reasonable doubt that Becker used force immediately after a misdemeanor theft.

As indicated, I dissent.

---

1. It may well be true that here either something is wrong with our criminal justice system or something is wrong with this case. It is unlikely that a fair system of justice would sanction giving a man fifteen years in prison for stealing a few slices of ham. *See Becker v. State*, 298 Ark. 438, 441, 768 S.W.2d 527, 529 (Ark.1989), (Purtle, J. dissenting).