994 F.2d 842
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Ron E. COOLEY, Appellant,
v.
STATE OF IOWA; Paul W. Grossheim, Appellees.
 No. 92-2860.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 16, 1993.
Filed: June 3, 1993.
 
 Before RICHARD S. ARNOLD, Chief Judge, HEANEY and BRIGHT, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Ron E. Cooley, an inmate in the Iowa State Penitentiary, appeals from the district court's denial of habeas relief for discipline he received for alleged misconduct in three separate incidents. We affirm.
 
 I.
 
 2
 Cooley's appeal centers on three incidents. In the first, the Prison Disciplinary Committee of the Iowa State Penitentiary (Disciplinary Committee) found Cooley guilty of violating prison rules against assault and obstructive/disruptive conduct and took away 188 days of good time. Cooley appealed to the Iowa District Court, but later agreed to drop the appeal, plead guilty to assault, and suffer the specified sanctions in exchange for the restoration of his good time. The court entered a consent order based on the settlement agreement, which states in relevant part:
 
 
 3
 5. That the Applicant's Honor Contract will be restored for a period of time from 10-8-84 through 1-22-85.
 
 
 4
 App. 84. The court restored Cooley's good time from October 8, 1984 to January 22, 1985. After that date, the Disciplinary Committee revoked Cooley's honor contract without notice or a hearing.
 
 
 5
 In the second incident, on March 25, 1988 Cooley began yelling for a telephone to make a scheduled call. Officers went to get a telephone, but brought it to another inmate who had an emergency call. Cooley continued yelling, and an officer told him to stop. Cooley allegedly responded, "You punk motherfuckers, I would break your necks if I was on the street." App. 26. The Disciplinary Committee found Cooley guilty of threats, verbal abuse, disobeying a lawful order or directive, and obstructive/disruptive conduct. He lost 180 days good time, in addition to receiving other disciplinary sanctions.
 
 
 6
 In the third incident, two officers shook down Cooley and his cell on February 14, 1989. They found prohibited items, including books and magazines, squirt containers, and fingernail clippers. Cooley stated to one officer "You need what that son of a bitch got down at the gym yesterday," App. 194, referring to an assault the previous day. The Disciplinary Committee found Cooley guilty of threats, unauthorized possession, and verbal abuse. He lost 180 days good time, in addition to receiving other disciplinary sanctions.
 
 
 7
 After exhausting his administrative remedies, Cooley appealed each of the three Disciplinary Committee decisions to the Iowa District Court. The district court denied Cooley's applications in each of the three cases, and was affirmed on appeal.
 
 
 8
 On January 9, 1992, Cooley filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of Iowa, addressing issues from all three incidents, which the court denied on July 13, 1992. Cooley filed this timely appeal, seeking restoration of 360 days good time and the reinstatement of his honor contract.
 
 II.
 
 9
 Cooley contends the Disciplinary Committee improperly revoked his honor contract after January 22, 1985 without notice or hearing. The consent order based on the settlement agreement stated his honor contract "will be restored for a period of time from 10-8-84 through 1-22-85", App. 84, and did not address the period after that date. Cooley argues that because the Disciplinary Committee did not address his honor contract in any disciplinary proceeding after January 22, 1985, the revocation necessarily was arbitrary and in violation of due process guarantees.
 
 
 10
 The Iowa state courts have interpreted Cooley's consent order. Cooley v. State, No. 1-777/90-912 (Iowa Ct. App. May 29, 1991); Cooley v. State, No. PCR 2071(N)0788 (Lee County Dist. Ct. May 29, 1990). The Iowa Court of Appeals read the specific language of the order to restore Cooley's honor contract only for the specified time. We defer to the Iowa state courts' construction of Cooley's honor contract, as this is a matter of interpretation of a state consent order and, in our view, the state courts' interpretation is not unreasonable. Welton v. Nix, 719 F.2d 969, 970 (8th Cir. 1983).
 
 III.
 
 11
 Cooley also contends insufficient evidence supports the district court's findings regarding the March 25, 1988 telephone incident and his statement to the officer, "You punk motherfuckers, I would break your necks if I was on the street." App. 26. He contends he never made the statement and even if he had, the statement did not constitute a threat. He argues that because he was not "on the street" and would not be out of prison for a substantial period of time, his statement communicated no present or imminent threat. He also argues that given the remoteness of any perceived threat, the sanctions were so disproportionate as to become arbitrary and unjustifiable.
 
 
 12
 In reviewing a claim of insufficiency of the evidence, the district court should uphold the findings of a prison disciplinary committee if the findings are supported by some evidence in the record. Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 455 (1985); Goff v. Dailey, Nos. 92-1951, 92-2019 (8th Cir. Apr. 29, 1993). Under the prison rules, the Disciplinary Committee will consider a statement a threat if it "communicates a present determination or intent to injure another person or to commit a crime of violence, ... presently or in the imminent future, and the probable consequence of such threat ... [was] to place another in fear of bodily injury [or] to cause damage to property." Prison Disciplinary Rule II.G.14, App. 39.
 
 
 13
 A prison official filed a disciplinary notice, stating Cooley made the alleged statement. The Disciplinary Committee reasonably could find the statement indicated a present desire to injure the officer. The Disciplinary Committee based its decision on the "potential for violence if the threat is carried out." App. 26. Sufficient evidence supported the findings of the district court, and the sanctions imposed were within the discretion of the Committee.
 
 IV.
 
 14
 Cooley finally challenges the sufficiency of the evidence regarding the February 14, 1989 shakedown incident and his statement to the officer, "You need what that son of a bitch got down at the gym yesterday." App. 194. He contends the statement contained no present or imminent threat and it would be highly unlikely the officer would fear injury or property damage. He argues his statement did not subject the officer to abusive or defamatory language and thus did not constitute verbal abuse.
 
 
 15
 Cooley's statement referred to a recent incident in which a prison officer was injured. Because of the recent assault, the Disciplinary Committee could reasonably find Cooley's statement placed the officer in fear of bodily injury, and that the statement communicated a present or imminent intent to injure. Given the attack on an officer the previous day, the Disciplinary Committee could reasonably consider Cooley's statement both a threat and verbal abuse. Sufficient evidence supports the findings of the district court.
 
 
 16
 Accordingly, we affirm.