Cite as 2019 Ark. App. 407

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-18-1007

| | | |
|---|---|---|
| | | **Opinion Delivered** September 25, 2019 |
| KYSTON BASS | | |
| | APPELLANT | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CR-17-110] |
| V. | | |
| | | HONORABLE CHRIS E WILLIAMS, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | |
| | | AFFIRMED |

## BRANDON J. HARRISON, Judge

Kyston Bass appeals the circuit court's denial of his petition for postconviction relief, asserting that the circuit court erred in giving him two strikes for the same incident, terminating his participation in drug court without due process, and denying his petition for a reduction in sentence. We affirm.

In 2017, Kyston Bass pled guilty to one count of residential burglary and one count of theft of property. Bass was sentenced to twenty-six years' imprisonment, but his sentence was deferred, and he was placed in the drug-court program. In June 2018, Bass was suspended from drug court after receiving three strikes and sentenced to twenty-six years' imprisonment. Bass subsequently filed a timely petition for postconviction relief, arguing that he was not given a hearing on his second and third strikes and was denied due process "by being surprised in court on these strikes and by not being allowed to fully prepare for a hearing." In the alternative, Bass moved to reduce his sentence, asserting that the sentence

was unreasonably excessive considering he had no prior criminal history and had accepted responsibility for his actions in court.

The circuit court convened a hearing on 14 August 2018. Danny Marsh, a parole and probation officer, testified that he also oversees the drug-court program in the Seventh Judicial District. Marsh explained that Bass had entered the drug-court program in November 2017 and that he (Marsh) provided Bass with a set of conditions for his supervision and a drug-court handbook. Marsh noted that Bass had initialed beside each condition of his supervision as it was explained to him.

According to Marsh, Bass was issued a first strike in March 2018 after he tested positive for alcohol. On 25 May 2018, Bass arrived approximately one hour late for his drug testing, for which he received a second strike. Bass later told Marsh that he had been at a job interview, which Marsh was unable to confirm. Bass was sentenced to fourteen days in jail for the second strike. The drug test he had taken was positive for THC, and after completing his fourteen-day sentence, Bass returned to court and was given a third strike for the positive drug test. On cross-examination, Marsh said that drug-court participants are not normally given any written notice before receiving a strike. Marsh also confirmed that Bass did not have any prior felonies.

Linda White, a drug-court administrator, testified that she had administered Bass's drug test in May 2018 in which he tested positive for THC. She said that he had arrived late but she allowed him to take the drug test, and by the time the in-house positive result had been obtained, Bass had already been taken to serve his fourteen-day sentence for being late. On cross-examination, White said that when Bass arrived for the test, she told him he

had missed the cutoff time, and Bass knew he would get a strike for being late. She agreed that participants did not get written notice of strikes but said, "[T]hey do have the rules of Drug Court and know what is a strike and what is not."

Bass testified that he was twenty years old when he entered the drug-court program and that he had no prior convictions. He admitted that he deserved his first strike for drinking alcohol but said that he did not deserve his second strike because "she didn't tell me anything. When I came in she told me that I was late and then I asked her could I still take the drug test. And then she was like, yeah. So she didn't let me know anything else after that." He also insisted that he had not taken any THC, but he had been in a car where THC had been smoked. He testified that he was "never notified" about strikes two and three and agreed that he did not have time to prepare for a hearing. (At this point, the court interjected that Bass was getting a hearing that day based on his petition and that there had been no prior petition filed.) Bass also agreed that his sentence was excessive and that because of his young age, he could have been given probation. On cross-examination, he agreed that he thought that because he had been allowed to take his drug test, it did not matter that he had been late.

The circuit court first found that Bass's due-process argument had been ruled on in *Tornavacca v. State*, 2012 Ark. 224, 408 S.W.3d 727. In that case, our supreme court explained:

> At the Rule 37 hearing, the issue of whether appellant committed his second and third strikes was fully aired, and based on the evidence presented, the circuit court found that appellant had consumed alcohol, that he did not phone the call-in line, and that he ingested medication that had not been approved. Thus, appellant has been accorded the benefit of an adversarial hearing regarding the strikes.

3

*Id.* at 14, 408 S.W.3d at 737. The circuit court found that Bass's due-process rights had not been denied, that he could have petitioned for a hearing on any of his three strikes but did not do so, and that he had been heard on all three strikes at the Rule 37 hearing. The circuit court also found that Bass had clearly committed three separate infractions warranting strikes: drinking alcohol, showing up late, and testing positive for THC. Finally, the court found that Bass's twenty-six-year sentence was not excessive because it was within the sentencing range for the charges to which he pled guilty. The circuit court entered an order denying Bass's petition for postconviction relief and his petition for reduction in sentence on 17 August 2018. Bass has timely appealed.

We will reverse the circuit court's decision granting or denying postconviction relief only when that decision is clearly erroneous. *See Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

Bass first asserts that the circuit court erred in finding that he had committed two strikes "for the same offense." He develops no real argument on this point; instead, he states that if he had not shown up on May 25 at all, he would have received only one strike, not two.[1] The circuit court was clear that Bass received his second strike for being late and his third strike for the positive drug test—those are two separate offenses.

---

[1] Bass quotes the circuit court as stating, "As far as the strikes go, it does appear that Mr. Bass was struck twice for the same event, once for testing late and once for the positive

4

For his second point, Bass argues that the circuit court erred in finding that he was not deprived of his due-process rights. Bass attempts to distinguish *Tornavacca* by arguing that in this case, there was no staff meeting prior to the court hearing. But that is a distinction without a difference. *Tornavacca* is on all fours with the present case, and just as in *Tornavacca*, the issue of whether Bass committed his second and third strikes was fully aired at the Rule 37 hearing. Thus, Bass was accorded the benefit of an adversarial hearing regarding the strikes.

For his third point, Bass contends that the circuit court erred in denying his petition for reduction in sentence, but his only "argument" is the conclusory statement that the sentence is excessive. Bass pled guilty to residential burglary, a Class B felony, for which the sentencing range is five to twenty years, and theft of property worth more than $1000 but less than $5000, a Class D felony, for which the sentencing shall not exceed six years. *See* Ark. Code Ann. § 5-4-401 (Repl. 2013). Thus, his sentence, while at the maximum, is still within the established statutory range and is therefore not excessive. *See Scott v. State*, 27 Ark. App. 1, 4, 764 S.W.2d 625, 627 (1989) ("If a sentence is within the limits set by the legislature, it is legal.").

Affirmed.

GRUBER, C.J., and MURPHY, J., agree.

*Phyllis J. Lemons*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.

---

result. I suppose if he had just not shown up at all he might have only been struck once for not being there." This was a statement made by the prosecutor, not the circuit court.