Charles **PORTER** *v.* **STATE** of Arkansas

CR 83-115                                              663 S.W.2d 723

Supreme Court of Arkansas
Opinion delivered January 30, 1984

*Don E. Glover,* for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Deputy Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Charles Porter was convicted of aggravated robbery and theft for which he was sentenced to 60 and 20 years imprisonment respectively, to be served consecutively. He makes five arguments on appeal, none of which has merit.

According to the victim, Herbert Edgell, age 67, on Sunday morning, October 17, 1982, he was driving in Pine Bluff, Arkansas, and stopped to ask Eddie Lee Gold where he could get some beer. Gold told him at the Soul Bowl, where Gold was headed. After getting something to drink at the Soul Bowl they left and went to another bar. Charles Porter came in and asked Edgell to take him some place for three dollars. Edgell said Gold told him that Porter was "okay," so he agreed. Edgell said both Gold and Porter went with him. En route, Porter grabbed Edgell, held a knife on him and robbed him. Gold, who was imprisoned on a guilty plea for his part in the robbery, denied under oath he was with Edgell and Porter. That Sunday evening a police detective, Bobby Brown, received a call from a person he regarded as a reliable confidential informant who had supplied information leading to arrests and convictions in the past. The informant said that Gold and Porter had robbed an old man that day. Brown knew them both. In checking the reports, he found the report on Edgell's robbery. The next day he took seven photographs to Edgell, who quickly and positively identified Porter. He was not certain of Gold. The detective told another officer to arrest the pair. The officer arrested Porter and Gold turned himself

in. A lineup was held and Edgell immediately identified both Porter and Gold.

Those are the facts most favorable to the appellee, and they readily provide substantial evidence to support the conviction. Probable cause existed for the arrest so it was not illegal. In *Sanders* v. *State,* 259 Ark. 329, 532 S.W.2d 751 (1976), we said:

It is to be remembered that probable cause is only a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man to believe that the accused committed a felony, but not tantamount to the quantum of proof required to support a conviction. . . .

\* \* \*

Determination of probable cause is based upon the factual and practical considerations of every day life upon which reasonable and prudent men, not legal technicians, act.

The appellant argues that the lineup was impermissibly suggestive and should be suppressed because of the illegal arrest. Officer Brown testified that no suggestion was made to Edgell. The trial court heard that testimony, and there is no basis to hold its decision wrong.

Porter was charged as an habitual criminal with three prior convictions. Porter argues one of those is invalid. It was a felony conviction for possession of marijuana, which resulted from Porter having two prior misdemeanor convictions for the same offense. The undisputed record showed that Porter was represented by an attorney, Berlin Jones, at that felony conviction. However, appellant's counsel, in the case before us, said he was not certain whether Porter had counsel or whether he waived counsel at the hearings on the misdemeanor convictions. There is nothing more than this bald assertion in the record.

In *Baldasar* v. *Illinois,* 446 U.S. 222 (1980), a sharply divided Court held that uncounseled misdemeanor convic-

tions could not be used to convert a subsequent misdemeanor conviction for the same offense into a felony conviction with a prison term. But in *Baldasar* it was undisputed that the accused did not have counsel or knowingly waived counsel in his prior convictions. We do not know that in this case. On the record there is a valid conviction for a felony which showed Porter did have counsel. We would have to go behind this record, assume Porter was not represented before and assume counsel did not properly perform his duty at the time the felony conviction was entered. This is not the same as a case where a felony record is silent or shows a defendant does not have counsel. *See, Klimas* v. *State,* 259 Ark. 301, 534 S.W.2d 202 (1976); *Reeves* v. *Mabry,* 615 F.2d 489 (8th Cir. 1980); *McCroskey* v. *State,* 272 Ark. 356, 614 S.W.2d 660 (1981). We do not give assertions or beliefs the weight we give concrete evidence. *See United States* v. *Plisek,* 657 F.2d 920 (7th Cir. 1981).

It is argued that the appellant was denied the right to cross-examine Gold about a "deal" he made with the state. First of all, if the state made an agreement with Gold, it did not make a good one, because Gold testified for Porter. It was during re-direct examination that Porter's counsel brought up this matter. The record reads:

Q. You didn't go to trial on your charges, did you?

A. No.

Q. They worked out a good deal for you. Is that right?

Mr. Brown: Objection, your Honor. First place, that's not correct, and second place, that's impermissible.

The Court: I'll sustain the objection.

Mr. Glover: I have no further questions, your Honor.

Mr. Brown: Your Honor, at this point I'd like the record to reflect that Mr. Gold pled guilty to this crime

to offset any innuendos that Mr. Glover might make about this. He pled guilty.

The Court: I believe he has already testified to that fact that he did plead guilty to it.

Mr. Brown: Yes, sir.

The Court: Any other questions?

Mr. Glover: Nothing further, your Honor.

The Court: You may step down.

No proffer was made of what the questions would be if allowed. We think the trial court was correct in sustaining the objection.

Finally, it is suggested that the sentence was unconstitutional because it was excessive. We have ruled many times if the sentence is within the bounds set by the legislature, it is legal. *Lear v. State*, 278 Ark. 70, 643 S.W.2d 550 (1982). Porter was indeed an habitual criminal, and we cannot say the trial court abused its discretion in setting the terms to be consecutive.

Affirmed.