Cleveland PARKER *v.* STATE of Arkansas

CR 86-98                                    717 S.W.2d 197

Supreme Court of Arkansas
Opinion delivered October 13, 1986

*Reginald A. Rogers,* for appellant.

*Steve Clark,* Att'y Gen., by: *Theodore Holder,* Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. Appellant, Cleveland Parker, was convicted of three counts of delivery of controlled substances. He was sentenced as an habitual offender with four prior felonies to three concurrent 75-year terms of imprisonment. On appeal, he challenges the sufficiency of the evidence and the length of the sentences he received. Jurisdiction is pursuant to

Sup. Ct. R. 29(1)(b). We affirm.

The appellant was convicted of twice selling cocaine and once selling dilaudid to an informant. Detective Phillip Rea observed all three transactions, the first from the window of a motel room and the other two from a parked car. Rea testified he could clearly see the informant and the appellant make the exchanges, with the informant using money Rea had given her. The informant and another officer who had witnessed one of the transactions also testified against the appellant.

The appellant argues that inconsistencies in the testimony of the two officers and the informant discredit the witnesses and make the evidence insufficient for a conviction. The appellant points to discrepancies in the testimony as to whether the informant's hands were always clearly visible during the first exchange; whether the cocaine was wrapped in tin foil or white paper; how thoroughly the informant was searched before the first exchange; and whether the second officer saw what the appellant handed to the informant.

■■ Obviously, none of these irregularities makes the evidence insufficient for a conviction. Minor discrepancies, conflicts and inconsistencies are for the jury to assess in weighing the testimony. *White* v. *State*, 266 Ark. 499, 585 S.W.2d 952 (1979). The testimony of the officers and the informant and the substances which were entered into evidence against the appellant were substantial evidence upon which a conviction can be based.

The appellant also argues that the 75-year sentence was excessive for a nonviolent crime. The appellant was sentenced as an habitual offender under Ark. Stat. Ann. § 41-1001 (Supp. 1985). The three offenses are Class Y felonies under Ark. Stat. Ann. § 82-2617(a)(1)(i) (Supp. 1985). Having previously been found guilty of four felonies, the appellant could, pursuant to § 41-1001, have been sentenced to a term not less than forty years nor more than life.

■■ We have held many times that if a sentence is within the limits set by the legislature, it is legal. *Porter* v. *State*, 281 Ark. 277, 663 S.W.2d 723 (1984). In *Pridgeon* v. *State*, 266 Ark. 651, 587 S.W.2d 225 (1979), we stated:

Punishment authorized by statute is never cruel or unusual

or disproportionate to the nature of the offense unless it is a barbarous one unknown to the law or so wholly disproportionate to the nature of the offense as to shock the moral sense of the community. *Hinton* v. *State*, 260 Ark. 42, 49, 537 S.W.2d 800, 804 (1976).

The appellant's sentence was not excessive.

Affirmed.