**Ralph BENNETT, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 15987.

Missouri Court of Appeals,
Southern District,
Division Two.

July 17, 1989.

Jim Lynn, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

HOGAN, Judge.

A jury found Ralph O. Bennett, to whom we shall refer as the defendant, guilty of robbery in the first degree in violation of § 569.020, RSMo 1986. The defendant was found to be a persistent offender and on January 22, 1988, was sentenced to imprisonment for and during the term of his natural life. On April 6, 1988, defendant filed a motion for leave to appeal out of time, which this court denied. Thereafter and on June 28, 1988, the defendant filed a motion for postconviction relief pursuant to Rule 29.15. The State moved to dismiss the proceeding on the ground that the defendant had not pleaded facts which, if true, would entitle him to relief. A hearing was held on August 3, 1988, and the trial court denied relief without a hearing on the ground that the defendant had waived his right to appeal and to seek postconviction relief. The defendant thereafter appealed to this court.

Rule 29.15 was adopted by our Supreme Court, effective January 1, 1988, in part to

avoid delay and prevent the litigation of stale claims. Rule 29.15(b), in pertinent part, provides:

"... If an appeal of the judgment sought to be vacated, set aside or corrected was taken, the motion shall be filed within thirty days after the filing of the transcript in the appeal pursuant to Rule 30.04. *If no appeal of such judgment was taken, the motion shall be filed within ninety days of the date the person is delivered to the custody of the department of corrections.... Failure to file a motion within the time provided by this Rule 29.15 shall constitute a complete waiver of any right to proceed under this Rule 29.15.*" (Emphasis added.)

In a group of appeals which were consolidated and decided May 16, 1989, our Supreme Court addressed and construed the time limitations incorporated in Rule 29.15.[1] The court considered, in *Walker v. State*, 770 S.W.2d 692 (Mo.1989), a case in which the motion for postconviction relief had been filed more than 90 days after the date the movant was delivered to the Department of Corrections, in violation of Rule 29.15(b). The court held, inter alia, that the time limitations contained in Rule 29.-15(b) are valid and mandatory.

In this case, no appeal was filed. Direct inquiry reveals that the defendant was incarcerated February 4, 1988, and the motion to vacate was not filed until June 28, 1988, more than 90 days after the defendant was incarcerated. The rule applicable here is that the judgment of the motion court in a proceeding for postconviction relief will be affirmed if it is sustainable on any ground. *State v. Kimes*, 415 S.W.2d 814, 815 (Mo.1967); *Casey v. State*, 769 S.W.2d 829, 831 (Mo.App.1989); *Bannister v. State*, 726 S.W.2d 821, 825 (Mo.App.1987), cert. denied, 483 U.S. 1010, 107 S.Ct. 3242, 97 L.Ed.2d 747 (1987). Although the trial court should have dis-

missed the motion to vacate on the ground of procedural default, its action was nevertheless proper. Accordingly, the judgment is affirmed.

PREWITT, Acting P.J., and MAUS, J., concur.

---

1. *Day v. State*, No. 71357; *Turner v. State*, No. 71358; *McKown v. State*, No. 71359; *Glass v. State*, No. 71360; *Gray, Wade, Houston & Jack-* *son v. State*, No. 71443; *Walker v. State*, No. 71444 and *Barnes v. State*, No. 71474, 770 S.W.2d 692 (Mo.banc 1989).