Nylon VICK *v.* STATE of Arkansas

CR 89-2                                   783 S.W.2d 365

Supreme Court of Arkansas
Opinion delivered February 5, 1990

Pro Se Rule 37 Petition, Motion for Transcript, and Motion for Appointment of Counsel; petition and motions denied.

*Appellant*, Pro Se.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

PER CURIAM. The petitioner Nylon Vick was convicted of two counts of rape and one count of kidnapping and was sentenced to one hundred and forty years imprisonment. His convictions were affirmed upon appeal. *Vick v. State*, 299 Ark. 25, 770 S.W.2d 653 (1989). The petitioner now seeks permission to proceed in circuit court pursuant to Criminal Procedure Rule 37.

The petitioner claims first that his attorney was ineffective. To prevail on a claim of ineffective assistance of counsel, the petitioner must show first that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the sixth amendment. Second, the petitioner must show that the deficient performance prejudiced the defense, which requires showing that counsel's errors were so serious as to deprive the petitioner of a fair trial. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The petitioner must

show there is a reasonable probability that, but for counsel's errors, the factfinder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. In making a determination on a claim of ineffectiveness, the totality of the evidence before the judge or jury must be considered. *Strickland* v. *Washington*, 466 U.S. 668 (1984).

The victim testified that the petitioner held her in his house overnight and raped her several times. She also testified that he forced her to take baths at his house. The petitioner now alleges that his attorney was ineffective because, had he investigated the case prior to trial, he would have learned that there were no utilities turned on at the house, and therefore, the petitioner could not have forced the victim to take baths. The petitioner argues that had his counsel investigated he could have proven that the victim committed perjury. Even if it was proven that the victim was not forced to take baths, it is very unlikely that that fact alone would cast doubt on the verdicts since there was clear testimony that the petitioner held the victim and raped her. Therefore, the petitioner's allegations, even if true, would not undermine confidence in the outcome of the trial, and that is what is required. *Strickland* v. *Washington, supra.*

The petitioner also claims that the victim perjured herself at least twenty times and the defense counsel allowed the perjury to the petitioner's prejudice. The petitioner fails to say about what the victim lied; therefore, the allegation is conclusory and does not warrant an evidentiary hearing. *Smith* v. *State*, 264 Ark. 329, 571 S.W.2d 591 (1978).

At trial the prosecutor repeatedly questioned the petitioner on cross-examination concerning why he did not tell the police his exculpatory version of the facts which he was testifying to at trial when he was arrested or afterwards. The petitioner answered that, "the police did not ask me," and "[m]y lawyer had already warned me that I didn't have to make a statement unless I wanted to." After the prosecution asked numerous questions pertaining to this matter, the defense counsel objected. The trial court sustained the objection. On appeal, this court did not consider the petitioner's claim that the prosecution violated his fourteenth

amendment right to a fair trial by asking him about his post-arrest silence since petitioner received all the relief from the trial court that his attorney requested. This court stated that since the petitioner requested neither an admonition nor a mistrial, no reversible error occurred. The petitioner argues now that his attorney was not reasonably competent in failing to move for a mistrial or a dismissal.

In *Doyle* v. *Ohio*, 426 U.S. 610 (1976), the United States Supreme Court held that it is fundamentally unfair and a deprivation of due process to allow an arrested person's silence to be used to impeach an explanation subsequently offered at trial. However, it is possible that where the defendant's silence is mentioned by the state, it is harmless error if there is no prosecutorial focus by repetitive questioning or arguing on a defendant's silence and where the evidence of guilt is overwhelming. *See Hobbs* v. *State*, 277 Ark. 271, 641 S.W.2d 9 (1982). In this case the error was harmless because a defense objection was sustained and because of the overwhelming evidence against the petitioner. This court cannot say that defense counsel's failure to object to the questioning was so critical, or that his failure to move for a mistrial or dismissal was so critical as to undermine confidence in the outcome of the trial. *See Strickland* v. *Washington, supra.*

In addition to his argument that his counsel was ineffective for failure to halt the prosecution's pursuit of his failure to exculpate himself, the petitioner argues that the prosecutor engaged in prosecutorial misconduct by questioning the petitioner about his failure to have told the police the exculpatory story he told on the witness stand. This argument was raised on appeal and cannot be raised again in Rule 37 proceedings. Rule 37 does not provide an opportunity to reargue points settled on appeal. *Swindler* v. *State*, 272 Ark. 340, 617 S.W.2d 1 (1981).

The petitioner claims too that the prosecutor should have been required to furnish expert testimony from a physician who had examined the victim since the petitioner claimed at trial that he did not rape the victim. This argument should have been raised at trial and on appeal. Since it was not and is not so fundamental as to render the judgment of conviction void, it will

not be considered. *White* v. *State*, 290 Ark. 77, 716 S.W.2d 203 (1986). Moreover, the testimony of a rape victim is sufficient to support a conviction for rape. *Urquhart* v. *State*, 273 Ark. 486, 621 S.W.2d 218 (1981).

The petitioner claims next that his convictions for two counts of rape and one count of kidnapping violate the double jeopardy clause of the constitution because each of the counts arose out of the same episode. One act can provide a basis for more than one charge. In this case, the petitioner kidnapped the victim and forced her to participate in several acts of intercourse. Therefore, separate convictions for each of these acts will stand. Kidnapping and rape are not lesser included offenses of one another since each crime requires a different element of proof. *Cozzaglio* v. *State*, 289 Ark. 33, 709 S.W.2d 70 (1986).

The petitioner has also filed a motion asking that he be appointed counsel. Since post-conviction proceedings under Rule 37 are civil in nature there is no constitutional right to appointment of counsel to prepare a petition under Rule 37. *Fretwell* v. *State*, 290 Ark. 221, 718 S.W.2d 109 (1986). Rule 37.3 provides for the appointment of counsel by the *circuit court* for the hearing if one is granted if the petitioner is unable to afford counsel. *Robinson* v. *State*, 295 Ark. 693, 751 S.W.2d 335 (1988).

The petitioner, who states that he is indigent, asks this court to provide him with a copy of the complete record of the transcript related to his proceedings so that he may use it to amend the matters herein.

A petitioner is not entitled to a free copy of the trial record or other material on file with this court unless he demonstrates some reasonably compelling need for specific documentary evidence to support an allegation contained in a petition for post-conviction relief. *See Austin* v. *State*, 287 Ark. 256, 697 S.W.2d 914 (1985); *see Chavez* v. *Sigler*, 438 F.2d 890 (8th Cir. 1971); *see also United States* v. *Losing*, 601 F.2d 351 (8th Cir. 1979). Indigency alone does not entitle a petitioner to photocopies at public expense. *Washington* v. *State*, 270 Ark. 840, 606 S.W.2d 365 (1980). Since the petitioner has cited no specific compelling reason requiring these copies, the motion will be denied.

█  It should be noted that when an appeal has been lodged in either this court or the Court of Appeals, the appeal transcript remains permanently on file with the Clerk of the Supreme Court. Counsel may check a transcript out through the Clerk's office for a period of time, and persons who are not attorneys may review a transcript in the Clerk's office and photocopy all or portions of it. An incarcerated person desiring a photocopy of pages from a transcript may write this court and request that the copy be mailed to the prison. All persons, including prisoners, must bear the cost of photocopying. *Austin* v. *State, supra.*

Petition and motions denied.