Clarence Alfred LARUE v. STATE of Arkansas

CA CR 90-199                                      806 S.W.2d 35

Court of Appeals of Arkansas
Division II
Opinion delivered April 3, 1991

132

*Matthew Horan,* for appellant.

*Steve Clark,* Att'y Gen., by: *Kelly K. Hill,* Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant in this criminal case was charged with first degree sexual abuse, a violation of Ark. Code Ann. § 5-14-108 (1987). After a jury trial, he was convicted of that offense and fined $5,000.00. From that decision, comes this appeal.

For reversal, the appellant contends that the evidence is insufficient to support his conviction; that the trial court erred in permitting a witness called by the State to testify concerning the appellant's post-arrest silence; and that the trial court improperly denied his motion for a new trial. We find reversible error in the evidentiary point raised, and therefore we reverse and remand for a new trial.

Pursuant to *Harris* v. *State,* 284 Ark. 247, 681 S.W.2d 334 (1984), we consider the sufficiency of the evidence (including any erroneously admitted evidence) before considering other arguments. When the sufficiency of the evidence to support a criminal conviction is challenged on appeal, we review the evidence in the light most favorable to the appellee and affirm if the verdict is supported by substantial evidence. *Dillard* v. *State,* 20 Ark. App. 35, 723 S.W.2d 373 (1987). Substantial evidence is evidence which induces the mind to go beyond mere suspicion or conjecture, and is of sufficient force and character to compel a conclusion one way or the other with reasonable certainty. *Id.*

■■■ We need not recite the facts in detail. There was testimony to show that the appellant fondled the breasts of the twelve-year-old victim while she was working with three other children processing honey on the appellant's bee farm. There was also testimony concerning two later meetings in which the appellant told the victim that he would be dreaming of her, and kissed her. The appellant concludes that there was insufficient evidence to show that the appellant touched the victim for the purpose of sexual gratification, *see* Ark. Code Ann. § 5-14-108(a)(3) (1987), because the witnesses' accounts of the later meetings between the appellant and the victim were contradictory and, he asserts, were therefore so inherently improbable as to fail to rise to the level of substantial evidence. We do not agree. The Arkansas Supreme Court rejected a similar argument in *Parker* v. *State*, 290 Ark. 94, 717 S.W.2d 197 (1986), holding that irregularities and inconsistencies in the testimony of three witnesses did not render the evidence insufficient to support a conviction. As was the case in *Parker*, *supra*, the inconsistencies in the testimony in the case at bar related to the details observed by the witnesses. The discrepancies, conflicts, and inconsistencies were for the jury to assess in weighing the testimony, *id.*, and we hold that the appellant's conviction is supported by substantial evidence.

We next address the appellant's contention that the trial court deprived him of due process of law by allowing the arresting officer to testify that, after the appellant was advised of his *Miranda* rights, the appellant remained silent when accused of the offense. The record shows that the arresting officer testified as follows during the State's case-in-chief:

Q.    Did Mr. LaRue agree to talk with you about this girl?

A.    I asked Mr. LaRue if he'd like to talk about the accusations, yes, sir.

Q.    And his response was?

A.    He just started talking.

Q.    And what did he say, sir?

A.    Mr. LaRue told me that he owned and operated the

Razorback Honey Bee farm in Dyer, and that at times he employs the local children to help him around his business. He told me that in the process of his business that sometimes he has to use a knife and he has to be careful around the children and that it was possible that he may have been working next to [the victim] and may have moved her over, by touching [the victim] on the shoulder. It was at that time that I told Mr. LaRue that I wasn't talking about him touching [the victim] on the shoulder, that I was talking about him intentionally reaching his hands through the back of her arms, rubbing her around the breast area. I told him that I was talking about him telling [the victim] I'll be thinking about you tonight, asking her do you want me to touch you, again. I told him that I was talking about him grabbing her by the arm and kissing her on the mouth. After I did this, Mr. LaRue appeared to me to become very despondent, he bowed his head, he started to speak a couple of times, at which time he got choked on his words. After waiting several minutes, I told Mr. LaRue that not only did I deal with victims, I also deal with suspects. And from my past experience, that his demeanor was leading me to believe that he was guilty. Again, he still sit [sic] there and didn't say anything. I then told Mr. LaRue that from my experience, when I'm dealing with suspects, I've seen them become defensive, mad, they've pounded on my desk, they at least said I didn't do it or I'm not guilty. I told Mr. LaRue, I said, you have not even told me that you didn't do it. That wasn't until after I said this that Mr. LaRue raised his head, slapped my desk, and said no, I didn't do it.

Shortly thereafter, the appellant's attorney approached the bench and requested a mistrial, which was denied.

The appellant argues that the above-quoted testimony was impermissible under *Doyle* v. *Ohio*, 426 U.S. 296 (1976), where the United States Supreme Court held that it is fundamentally unfair and a denial of due process to allow a

defendant's silence at the time of arrest to be used to impeach an explanation subsequently offered at trial. We agree. *See Stephens* v. *State*, 290 Ark. 440, 720 S.W.2d 301 (1986). The arresting officer's testimony in the case at bar not only mentioned the appellant's post-arrest silence, it focused attention on his silence by offering the officer's opinion that, in his experience with suspects, silence was indicative of guilt. Although it is possible for the State's mention of the defendant's silence to be harmless error if there is no prosecutorial focus by repetitive questioning or arguing on a defendant's silence and where the evidence of guilt is overwhelming, *Vick* v. *State*, 301 Ark. 296, 783 S.W.2d 365 (1990), we cannot say the error in the case at bar was harmless. Here, the appellant denied touching the victim for purposes of sexual gratification, and testified that he had been working in close quarters and had merely moved the victim aside. Given this testimony, and the contradictions in the testimony of the witnesses called by the State, we conclude that the evidence of guilt was not overwhelming, and we reverse and remand. Our resolution of this issue makes it unnecessary for us to address the appellant's assertion of juror misconduct because that issue is not likely to recur on retrial.

Reversed and remanded.

MAYFIELD and ROGERS, JJ., agree.