**Ralph O. BENNETT, Appellant,**

v.

**William ARMONTROUT, Warden; William L. Webster; John Ashcroft, Appellees.**

**No. 90–2350.**

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1991.

Decided Nov. 26, 1991.

Dennis Owens, Kansas City, Mo., argued, for appellant.

Frank A. Jung, Jefferson City, Mo., argued, for appellee.

Before JOHN R. GIBSON, Circuit Judge, HENLEY, Senior Circuit Judge, and LOKEN, Circuit Judge.

LOKEN, Circuit Judge.

Ralph O. Bennett appeals the district court's [1] dismissal of his petition for a writ of habeas corpus. Bennett argues that his failure to appeal a state court conviction should not bar federal habeas relief because an unfair pre-sentence agreement deprived him of his right to appeal. The district court held that his federal habeas claims are nonetheless procedurally barred. We affirm.[2]

I.

Bennett was initially charged with committing three robberies. He was convicted

---

1. The HONORABLE RUSSELL G. CLARK, United States District Judge for the Western District of Missouri.

2. Because we conclude that Bennett's claims are procedurally barred, we do not reach the state's

contention that this second habeas petition must be dismissed for abuse of the writ under *McCleskey v. Zant,* — U.S. ——, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), an issue that the district court did not consider.

for one of them in January 1988, following a trial which Bennett claims was tainted by reversible error in the jury instructions. On January 22, 1988, at Bennett's sentencing, his trial attorney advised the court of an agreement between Bennett and the prosecution whereby the state would not prosecute Bennett for the other two robberies so long as Bennett did not appeal or seek post-conviction relief from this conviction and sentence. The court questioned Bennett extensively to make sure he understood the terms of that agreement. Bennett's responses satisfied the court that Bennett had voluntarily entered into the agreement because it was in his best interests and that he was fully satisfied with his trial attorney's advice concerning this waiver of his post-trial remedies. The court then sentenced Bennett as a persistent offender to life in prison.

At some point, Bennett decided he had made a bad deal, but he took no action until April 1988, when his time for direct appeal had expired. He then petitioned the Missouri Court of Appeals for leave to appeal out of time. When that motion was denied in June 1988, he filed a motion for post-conviction relief under Missouri Supreme Court Rule 29.15. The Missouri Court of Appeals ultimately affirmed the denial of this motion as procedurally barred. *See Bennett v. Missouri,* 773 S.W.2d 901 (Mo. App.1989).

In August 1989, Bennett filed his first petition for federal habeas corpus relief. In response, the state argued, and the district court agreed, that his claims were procedurally barred, and that he had failed to show the cause and prejudice necessary to overcome that bar. *See Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 2506–07, 53 L.Ed.2d 594 (1977). Bennett did not appeal dismissal of the first petition in February 1990.

In April 1990, Bennett filed this second habeas petition, raising eleven claims for relief. The district court granted the state's motion to dismiss, concluding that all claims are procedurally barred because Bennett had "deliberately bypassed" state procedures through his "knowing and voluntary waiver of his rights to seek post-conviction relief in the Missouri state courts." Bennett appeals, arguing that his sentence should be vacated because the "inherently unfair" agreement deprived him of his right to appellate review, and that the district court erred in dismissing his petition without an evidentiary hearing.

## II.

■ Since the district court's decision in this case, indeed, since oral argument, the law of procedural bar has changed. In determining whether Bennett's habeas claims are barred by his failure to appeal, the district court applied the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), a case involving a habeas petitioner who, like Bennett, had "surrendered entirely his right to appeal." However, in *Coleman v. Thompson,* —— U.S. ——, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991), the Supreme Court expressly overruled this aspect of *Fay v. Noia,* explaining:

We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

The cause and prejudice standard governs this appeal. We note that it was also applied in dismissing Bennett's first habeas petition in February 1990.

■ Bennett argues that his procedural default should be excused because his appeal rights were taken away by a fundamentally unfair agreement with the prosecution. But, as the district court noted, this argument misconstrues the terms of that agreement. Bennett did not sign away his right to appeal. He secured a promise from the prosecution that, *if* he did not appeal, he would not be prosecuted for the other two robberies. Therefore, Ben-

nett made the ultimate decision not to appeal after he was sentenced, and he must justify his failure to appeal under the cause and prejudice analysis to avoid being procedurally barred. The agreement by itself cannot excuse his failure to appeal.[3]

Bennett also argues that his procedural default should be excused because his trial counsel rendered ineffective assistance, and he was not of "sound mind," when he entered into the presentence agreement. However, these arguments are irrelevant to the cause inquiry. The question is whether there was cause for Bennett's failure to appeal. Even if he received ineffective assistance of counsel or was of unsound mind in entering into the pre-sentence agreement,[4] once he was sentenced, the disadvantages of that agreement were apparent. The agreement did not prevent him from appealing, and he makes no showing of cause for his failure to take action until April 1988, after his right to appeal was procedurally barred.

For the above reasons, Bennett has failed to show cause for defaulting his state court remedies. The issues he seeks to raise do not put in question his "actual innocence," so he cannot satisfy the "fundamental miscarriage of justice" exception to the cause and prejudice analysis. *See Stokes v. Armontrout*, 851 F.2d 1085, 1094 (8th Cir.1988). Therefore, the district court properly denied Bennett's request for an evidentiary hearing and dismissed his petition for a writ of habeas corpus.

---

3. "'[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Coleman v. Thompson*, 111 S.Ct. at 2566 (emphasis in original). The state's promise not to prosecute the other robberies may have influenced Bennett's decision not to appeal, but it was not the sort of external "impediment to compliance with a procedural rule" that the cause test requires. *Murray v. Carrier*, 477 U.S.

478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986).

4. The district court in the first habeas case rejected the ineffective assistance allegation as conclusory, and the district court in this case upheld the sentencing court's implicit ruling that Bennett was of sound mind. The record on appeal supports these rulings.