**Charles E. PORTER, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.**

**No. 90–2490.**

United States Court of Appeals, Eighth Circuit.

Submitted March 10, 1992.

Decided April 13, 1992.

Charles E. Porter, pro se.

Ann Purvis, Little Rock, Ark., argued (Winston Bryant, on the brief), for appellee.

Before McMILLIAN, Circuit Judge, LAY, and HENLEY, Senior Circuit Judges.

PER CURIAM.

Charles Porter, an Arkansas inmate, appeals from the final judgment entered in the Eastern District of Arkansas upon the magistrate judge's[1] dismissal of his 28 U.S.C. § 2254 habeas corpus petition. For reversal Porter challenges the court's conclusion that the state courts did not err in finding (1) the lineup was not unduly suggestive, (2) the photo spread did not deny Porter the right of confrontation, (3) the arrest was lawful, and (4) the evidence was sufficient to sustain the conviction. He also asserts that the magistrate judge denied him due process and equal protection because the denial of his petition was based solely upon the testimony of the investigating officer. For the reasons discussed below, we affirm the judgment.

Porter was convicted of aggravated robbery and theft for the taking, at knife point, of Herbert Edgell's wallet and automobile. *Porter v. State*, 281 Ark. 277, 663 S.W.2d 723 (1984). The evidence adduced at trial was that on Sunday morning, October 17, 1982, Edgell, then in his sixties, was in a bar drinking with Eddie Lee Gold when Porter came over and offered to pay Edgell for giving him a ride. Edgell agreed and the three of them got into the car, Porter sitting in the front. Edgell drove according to Porter's directions, until Porter said, "this is it," at which point Porter put his arm around Edgell's neck, held a knife to him, took his wallet, forced him from the car, and drove off.

When Edgell reported the incident to the police, he was only able to identify his assailants as two black males, and no evidence was obtained from the recovered car. That evening a confidential informant told Detective Brown that Porter and Gold had robbed an "old man" that day and gave some details about the incident. Brown checked the police reports and found the Edgell incident report. The next day he took photos of Porter, Gold, and five others to Edgell at his home. Edgell easily identified Porter as the man who sat in the front seat. Brown then asked another officer to arrest Porter and Gold. After Porter was taken into custody, he was placed in a lineup which included Gold and three other men, and Edgell identified him without difficulty. A record was made of the lineup, but not of the photo spread. At a hearing on a motion to suppress these out-of-court

---

1. The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom this matter was submitted for disposition pursuant to the consent of the parties. *See* 28 U.S.C. § 636(c).

identifications, Brown testified to the similarity between Porter and the other individuals in both identifications and to the independent nature of Edgell's identification. Edgell corroborated Brown's testimony about the procedures and also testified that he observed Porter for at least several minutes in good light in both the bar and the car. The state court denied the motion to suppress concluding that neither out-of-court identification was unduly suggestive. The Arkansas Supreme Court rejected on direct appeal Porter's argument that his motion to suppress was erroneously denied because his arrest was not supported by probable cause and the lineup was impermissibly suggestive, and his argument that the evidence was insufficient to support his conviction. *Id.* at 724–25.

The magistrate judge held an evidentiary hearing on Porter's habeas petition at which Porter testified and Brown reiterated his testimony about the out-of-court identifications. Giving deference to the findings of the state courts, as supported by the suppression hearing and trial transcripts, the magistrate judge held that neither out-of-court identification was suggestive, there was sufficient evidence to support the conviction, and there was no denial of due process or fundamental fairness. *See Jones v. Jones*, 938 F.2d 838, 842 (8th Cir.1991) (deference given to state court findings of fact).

We give the state courts' findings the same deference, and review any new factual findings by the magistrate judge under a clearly erroneous standard. *See Couch v. Trickey*, 892 F.2d 1338, 1341 (8th Cir.1989) (standard of review). The magistrate judge gave proper deference to the state courts' findings that the lineup and photo spread were not unduly suggestive and that probable cause existed for the arrest, and he did not err in crediting Brown's testimony at the evidentiary hearing. Porter's claims that the other men in the lineup differed from him in height and weight and that the courts proceeded with-

out documentation as to these characteristics is refuted by the record.[2] Arkansas law permits warrantless arrests where the police agency has sufficient information to establish probable cause for the arrest. *See Brewer v. State*, 271 Ark. 810, 611 S.W.2d 179, 181 (1981). Porter's challenge to the sufficiency of the evidence is without merit. *See Carlson v. State*, 945 F.2d 1026, 1030 (8th Cir.1991) (standard of review). Finally, Porter's assertion that the magistrate judge denied him due process and equal protection fails because Porter testified at the hearing and the magistrate judge explicitly stated that he had reviewed the entire state court record.

The judgment is affirmed.

2. Porter also claims that he was not represented by counsel at the lineup. This issue is raised for the first time in this appeal, and Porter has not alleged cause or prejudice to excuse his proce-dural default. *See Bennett v. Armontrout*, 949 F.2d 1017, 1018 (8th Cir.1991) (citing *Coleman v. Thompson*, —— U.S. ——, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991)).