Dewey MAGAR *v.* STATE of Arkansas

CA CR 91-323                                    836 S.W.2d 385

Court of Appeals of Arkansas
Division I
Opinion delivered September 16, 1992

*William R. Simpson, Jr.*, Public Defender, *Llewellyn J. Marczuk*, Deputy Public Defender, by: *Llewellyn J. Marczuk*, Deputy Public Defender.

*Winston Bryant*, Att'y Gen., by: *Pamela Rumpz*, Asst. Att'y Gen., for appellee.

JOHN E. JENNINGS, Judge. Dewey Magar was convicted in Pulaski County Circuit Court of the sexual abuse of an eight-year-old child. He was sentenced to thirty years imprisonment. The primary argument on appeal is that the trial court erred in refusing to suppress a statement, disclosing his age, made by the defendant to police officers shortly after his arrest. We find no error and affirm.

Janice Jensen, a North Little Rock police officer, testified that she filled out a fact sheet on Mr. Magar in the detention center. She testified that the fact sheet is "basically an identification form" and is separate from the arrest report. She obtained from Mr. Magar his name, date of birth, address, and "some contacts." She did not advise the defendant of his *Miranda* rights before the interview.

One element of sexual abuse in the first degree is that

the defendant be eighteen years of age or older. Ark. Code Ann. § 5-14-108(a)(3) (1987). Here Jensen testified that the defendant gave his date of birth as June 30, 1957. The argument is that the use of this "unmirandized" statement at trial was error. We hold that the questions asked by Officer Jensen fall within the "routine booking question" exception to the *Miranda* rule. *Pennsylvania* v. *Muniz*, 496 U.S. 582 (1990). Questions that are asked to secure biographical data necessary to complete booking or pretrial services and which are reasonably related to the administrative concerns of the police fall outside the protections of *Miranda. Muniz*, 496 U.S. at 601. The answers to such questions are admissible even if they should turn out to be incriminating, *United States* v. *Sims*, 719 F.2d 375 (11th Cir. 1983), *cert. denied*, 465 U.S. 1034 (1984); and even when, as here, they establish an element of the offense charged. *State* v. *Banks*, 322 N.C. 753, 370 S.E.2d 398 (1988); *State* v. *Herrin*, 562 So.2d 1 (La. Ct. App. 1990). The circuit judge did not err in admitting Jensen's testimony.

At trial there was evidence that the defendant had been convicted on four other occasions of the sexual abuse of children. In closing argument the prosecutor said, "Ladies and gentlemen, Dewey Magar has had many chances. And I don't know how many more small children we are going to allow him to. . . ." Appellant objected and moved for a mistrial. The court overruled the motion for a mistrial but admonished the jury to disregard the prosecutor's remarks about what the defendant might do in the future.

A mistrial is an extreme and drastic remedy that should only be resorted to when there has been an error so prejudicial that justice could not be served by continuing the trial. *Wingfield* v. *State*, 303 Ark. 291, 796 S.W.2d 574 (1990). The decision whether to grant or deny a motion for mistrial lies within the sound discretion of the trial court. *See Brewer* v. *State*, 269 Ark. 185, 599 S.W.2d 141 (1980). We will reverse only when an abuse of that discretion is shown. *Vasquez* v. *State*, 287 Ark. 468, 701 S.W.2d 357 (1985). In the case at bar, we believe the court's admonition was sufficient. *See Ronning* v. *State*, 295 Ark. 228, 748 S.W.2d 633, *cert. denied*, 489 U.S. 1040 (1988).

Appellant's related argument that the precise language

the trial court used in its admonition simply made the matter worse cannot succeed. We do not consider arguments made for the first time on appeal. *Finn* v. *State*, 36 Ark. App. 89, 819 S.W.2d 25 (1991). Appellant cannot acquiesce in the court's admonition and then complain of it on appeal.

Finally, appellant argues that the trial court erred in permitting the State to close the argument during the penalty phase of the trial. This argument was clearly rejected in *Duncan* v. *State*, 291 Ark. 521, 726 S.W.2d 653 (1987).

Affirmed.

CRACRAFT, C.J., and DANIELSON, J., agree.