Freddie SINKS *v.* STATE of Arkansas

CA CR 92-1314                                      864 S.W.2d 879

Court of Appeals of Arkansas
Division I
Opinion delivered November 3, 1993

*Bradley, Coleman & Davidson*, by: *W. Scott Davidson*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Cathy Derden*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant was convicted in a bench trial of possession of cocaine. He was placed on three years supervised probation, fined $500.00 and assessed court costs. For reversal, he argues that the evidence is insufficient to support the verdict.

On appeal, we view the evidence in the light most favorable to the State and affirm if the verdict is supported by substantial evidence. *LaRue* v. *State*, 34 Ark. App. 131, 806 S.W.2d 35 (1991). Substantial evidence is evidence which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resort to speculation or conjecture. *Kendrick* v. *State*, 37 Ark. App. 95, 823 S.W.2d 931 (1992).

The record reveals that on July 18, 1991, police officers entered a residence in Jonesboro, Arkansas, pursuant to a search warrant. The appellant, who was the only person present in the residence when the warrant was executed, was found lying on a bed in a robe and underwear. The officers testified that a plate

with .024 grams of cocaine on it was on the bed within arm's reach of the appellant. This was seized, as were numerous items of drug paraphernalia including hemostats, scales, rolling papers, marijuana seeds, razor blades, a vial, a syringe, and $219.00. One officer testified that the serial numbers on two $20.00 bills found matched those of the bills used in a controlled buy made earlier at this residence.

Nancy Davis testified that the house belonged to her and that the room in which the appellant was found was her bedroom. She stated that she lived in the house with her son and that, although the appellant spent the night at the house occasionally, he was not living there, did not keep clothes there, did not help pay the bills, and did not have a key to the house. She testified that she and the appellant had an argument on the night of the appellant's arrest, that she left the house around midnight, that the appellant was the only person in the house when she left, and that there was not a plate on the bed. Finally, she testified that she did not use drugs and that she had never seen the appellant with drugs.

The appellant argues that the State did not prove beyond a reasonable doubt that he exercised care, control and management over the contraband and that he knew the matter possessed was contraband. His argument focuses on the fact that this was not his residence and that he had no ownership or possessory interest in the house. However, the appellant's argument is misplaced.

It is not necessary to prove actual or physical possession in order to prove a defendant is in possession of a controlled substance. *Ramey* v. *State*, 42 Ark. App. 242, 857 S.W.2d 828 (1993). Instead, a showing of constructive possession, which is the control or right to control contraband, is sufficient. *Cerda* v. *State*, 303 Ark. 241, 795 S.W.2d 358 (1990). Constructive possession can be implied where the contraband is found in a place immediately and exclusively accessible to the accused and subject to his control. *Cerda, supra.*

In the case at bar, the evidence shows that the controlled substance was retrieved from an area which was immediately and exclusively accessible to the appellant at the time of his arrest. *See Crossley* v. *State*, 304 Ark. 378, 802 S.W.2d 459

(1991); *Sanchez* v. *State*, 288 Ark. 513, 707 S.W.2d 310 (1986). The contraband was in plain view, in the appellant's immediate proximity, and the appellant was the only person in the residence at the time of the search. We think these circumstances are enough to permit the trial court to find the appellant guilty of possession of a controlled substance.

The appellant also argues that there was no evidence presented to establish he possessed a usable amount of cocaine as defined in *Harbison* v. *State*, 302 Ark. 315, 790 S.W.2d 146 (1990), as an amount "sufficient to be useable in the manner in which such a substance is ordinarily used." 302 Ark. at 322. However, we think that the appellant's reliance on *Harbison* is misplaced. The *Harbison* case involved a cocaine possession charge based only on possession of a bottle containing a trace amount of cocaine dust or residue; there was evidence in *Harbison* to show that the quantity of cocaine was too small to weigh and insufficient to have any effect on the human system. The Supreme Court reversed, holding that possession of a controlled substance must be of a measurable or usable amount to constitute a violation of Ark. Code Ann. § 5-64-401 (1987); *Harbison, supra*; *Kellogg* v. *State*, 37 Ark. App. 162, 827 S.W.2d 166 (1992).

However, whereas the cocaine in *Harbison* was in an amount too small to be either used or measured, there was clearly a measurable amount of cocaine present in the case at bar.

Unlike in *Harbison*, the testimony in the case at bar indicated that the cocaine was capable of quantitative analysis, could be seen with the naked eye, was tangible and could be picked up. We find this evidence sufficient for the fact finder to determine that the substance was of a measurable amount.

The appellant also argues that there were discrepancies regarding the search and the search warrant. The appellant did not make this specific objection below, and we do not consider arguments made for the first time on appeal. *Magar* v. *State*, 39 Ark. App. 49, 836 S.W.2d 385 (1992). Accordingly, we find no error and affirm.

Affirmed.

PITTMAN AND ROBBINS, JJ., agree.