LARRY D. VAUGHT, Judge *528 Kyle Lee Hunter Christian appeals his conviction by the Pulaski County Circuit Court[1] of the Class D felony of possession of less than two grams of cocaine, a Schedule I controlled substance, pursuant to Arkansas Code Annotated section 5-64-419(b)(1)(A) (Repl. 2016).[2] His only argument on appeal is that the State failed to prove that he possessed a usable amount of cocaine. We affirm.
Christian stood trial on November 9, 2017, and he concedes on appeal that the State proved beyond a reasonable doubt that he possessed four milligrams of cocaine powder. At trial, the court heard testimony that Christian was stopped by the police on February 6, 2017, and was subsequently searched. During the search of his person, one of the officers observed Christian drop two plastic baggies from his hand. Brandon Davis, a chemist employed by the Arkansas State Crime Laboratory, testified that he tested the contents of the baggies and determined that the baggies contained four milligrams of cocaine. Davis further testified that the cocaine powder was "measurable" and that he "could weigh [it]." On cross-examination, Davis testified that the small amount of cocaine at issue in this case was "outside the recommended usage range of the scale" he used to weigh it but reiterated that even such a small amount of cocaine could be weighed. Christian's attorney moved for dismissal at the close of the State's case and again at the close of all the evidence, arguing that the State failed to prove that Christian possessed a usable amount of cocaine. The court denied both motions and ultimately convicted Christian of possession of less than two grams of cocaine. This timely appeal follows.
On appeal, Christian challenges the sufficiency of the evidence supporting his conviction for cocaine possession. See Walker v. State , 77 Ark. App. 122, 124, 72 S.W.3d 517, 519 (2002) (a motion to dismiss for lack of evidence in a bench trial is a challenge to the sufficiency of the State's proof). Our test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. Jones v. State , 357 Ark. 545, 182 S.W.3d 485 (2004). Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. Wells v. State , 2017 Ark. App. 174, at 2, 518 S.W.3d 106, 108-09 (citing Haynes v. State , 346 Ark. 388, 58 S.W.3d 336 (2001) ). On appeal, we view the evidence in the light most favorable to the State, considering only that evidence that supports the verdict. Id. at 2, 518 S.W.3d at 108-09 (citing Williams v. State , 346 Ark. 304, 57 S.W.3d 706 (2001) ).
Christian relies heavily on the Arkansas Supreme Court's decision in Harbison v. State , 302 Ark. 315, 790 S.W.2d 146 (1990), for the proposition that in order to prove that a person illegally possessed a controlled substance, the State must prove that the person possessed a "usable amount" of the controlled substance. Christian argues that the State failed to produce evidence establishing that the four milligrams of cocaine that he possessed was a usable amount pursuant to Harbison . He notes that no witness testified that the amount was a "usable amount" or that cocaine powder is commonly bought, sold, or ingested in four-milligram doses.
In Jones v. State , 357 Ark. 545, 182 S.W.3d 485 (2004), the Arkansas Supreme Court held that 883.9 milligrams of methamphetamine compound possessed by the appellant was a usable amount. In Jones , the supreme court explained that "[u]nlike the circumstances in Harbison , supra , there was enough substance in the plastic bags to weigh and to test." The supreme court further explained in a footnote that,
We note that the usable-amount term, as promulgated by Harbison, supra , does not stand for the proposition that there must be a usable amount sufficient to produce a chemically-induced behavioral, hallucinogenic, or otherwise altered state. Additionally, other jurisdictions, as well as the Arkansas Court of Appeals, have interpreted the usable-amount standard to include weight-based standards. See Sinks v. State , 44 Ark. App. 1, 864 S.W.2d 879 (1993) (holding that 0.024 grams of cocaine was usable because the cocaine was capable of quantitative analysis, could be seen with a naked eye, was tangible and could be picked up, and was a clearly measurable amount that satisfied the requirements of Harbison ); Kent v. State , 562 S.W.2d 855 (Tex. Cr. App. 1978) (citing Tomlin v. State , 170 Tex. Crim. 108, 338 S.W.2d 735 (1960), which overruled the determination of insufficiency in two cases cited in Harbison, supra , and holding that the drug was quantitatively measurable).
Christian argues in his reply brief that Sinks was wrongly decided and should be overturned. We decline to do so for two reasons. First, we will not consider arguments raised for the first time in appellant's reply brief because the appellee is not given a chance to rebut the argument. Lenard v. State , 2014 Ark. 478, at 7, 522 S.W.3d 118, 123. Second, because the Arkansas Supreme Court adopted the "usable or measurable amount" standard articulated in Sinks , as evidenced by its footnote in Jones , we have no authority as an intermediate appellate court to overrule that standard. "[I]t is well established that this court is without authority to overrule a decision of the supreme court." Brown v. State , 63 Ark. App. 38, 44, 972 S.W.2d 956, 959 (1998).
Christian also argues that the State failed to present sufficient evidence that he possessed a measurable amount of cocaine *530 pursuant to Sinks because Brandon Davis testified that four milligrams is below the recommended usage range for the scale used to measure the cocaine.[3] We disagree. Davis, the forensic chemist who testified for the State, described the substance as "white powder," meaning that it was visible to the naked eye pursuant to Sinks. He testified that he "put that amount in a weigh boat and weighed it," indicating that the cocaine was tangible and could be picked up or separated from its container, which is another factor we articulated in Sinks. Davis was able to clearly identify the substance as cocaine, and finally, Davis testified that "it was measurable. I could weigh it." Davis distinguished the amount of cocaine at issue in the case at bar with smaller amounts, incapable of measurement, which he stated would be classified as "residue."
Here, the State's expert witness testified that Christian possessed four milligrams of cocaine powder and testified as to the specific process used to measure the cocaine. Davis's description of his process revealed that the cocaine was "capable of quantitative analysis, could be seen with a naked eye, was tangible and could be picked up, and was a clearly measurable amount," which is the standard we outlined in Sinks and that the supreme court adopted in Jones. We therefore see no error in the circuit court's denial of Christian's motion to dismiss, and we affirm his conviction.
Affirmed.
Christian waived his right to a trial by jury.
Christian was also convicted of one count of possession of less than four ounces of marijuana, a Class A misdemeanor, pursuant to Arkansas Code Annotated section 5-64-419(b)(5)(A) (Repl. 2016). He has not appealed that conviction.