Cite as 2022 Ark. App. 25

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-21-274

| | |
|---|---|
| MIKETERRIO COOPER<br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** January 19, 2022<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CR-19-2933]<br><br>HONORABLE ROBIN F. GREEN, JUDGE<br><br>AFFIRMED |

## KENNETH S. HIXSON, Judge

Appellant Miketerrio Cooper appeals after he was convicted by a Benton County Circuit Court jury of simultaneous possession of drugs and firearms and possession of firearms by certain persons. He was sentenced to serve an aggregate of 696 months' imprisonment in the Arkansas Department of Correction. On appeal, appellant argues that the circuit court abused its discretion when it did not require the persons serving on the venire to remove their face masks during voir dire. We affirm.

I. *Relevant Facts*

Appellant was charged by amended criminal information with aggravated residential burglary in violation of Arkansas Code Annotated section 5-39-204 (Repl. 2013), a Class Y felony; aggravated robbery in violation of Arkansas Code Annotated section 5-12-103 (Repl. 2013), a Class Y felony; simultaneous possession of drugs and firearms in violation of Arkansas Code Annotated section 5-74-106(a)(1)(2)(b) (Repl. 2016), a Class Y felony; and

possession of firearms by certain persons in violation of Arkansas Code Annotated section 5-73-103(a)(1)(c)(1)(A) (Supp. 2021).  The State further sought an enhanced sentence under the habitual-offender statute, Arkansas Code Annotated section 5-4-501(a) (Repl. 2013).  A jury trial was held on October 20–22, 2020.

Immediately before voir dire, the following objection and colloquy took place:

[APPELLANT'S COUNSEL]: Judge, I'm sorry.  I -- I forgot.  I think I discussed this with you and Mr. Robinson in chambers.  I need to put on the record the mask requirement for the people in the venire.

I understand the Court's position, I understand the pandemic, but we would like to put an objection to not being able to see -- see the jurors' full faces whenever we're questioning them during voir dire, and -- I just want to put that on the record.

THE COURT: Well, and I -- I understand, and I respect your position.  However, it's against the CDC and the recommendations that are in place, and I would hate for anyone to be exposed, certainly hate for anyone to die, because I told them they could not have a mask on during this pandemic, so . . .

[THE STATE]: And -- and I don't know, just for purposes of appeal, if -- if Mr. Warden can articulate the prejudice that may exist or . . .

[APPELLANT'S COUNSEL]: Well, you know, I -- I believe in -- in terms of my reaction and -- and continuing questioning, a lot of times people are reticent to raise their hand and we use their facial expressions to determine whether or not we need to further inquire based on that on -- on voir dire; and not being able to do that or being confined to their eye movements could be detrimental to be determining if a particular question of law that somebody -- or -- or legal issue that somebody cannot follow or some biases they may have that I can't perceive because of the mask.

2

THE COURT:                All right.  Well, if I could waive a magic wand and -- and remove -- you know, solve the pandemic and solve this problem, I would.  Can't do it, and so that's where we are today.

Appellant exercised six out of his eight preemptory strikes, and the jury was seated without any further objection.  *See* Ark. Code Ann. § 16-33-305(b) (Repl. 1999).

Because appellant does not challenge the sufficiency of the evidence, a detailed explanation of the testimony presented at trial is unnecessary, and the following summary is therefore sufficient for purposes of this appeal.  On December 7, 2019, Officer Josh Cookinham stopped a maroon Jeep Cherokee in which appellant was a passenger.  After a search of appellant's person, law enforcement found eight bags containing a total of 81.7 grams of marijuana.  A .40-caliber Smith & Wesson handgun was also found tucked in appellant's waistband.  Further investigation revealed that the handgun and drugs had been stolen from a house in Rogers, Arkansas, during an armed home-invasion robbery.  The jury found appellant guilty of simultaneous possession of drugs and firearms and possession of firearms by certain persons but acquitted appellant of the other charges.  This appeal followed.

## II. *Voir Dire*

Appellant does not challenge the sufficiency of the evidence.  Instead, he argues that the circuit court abused its discretion when it did not require the persons serving on the venire to remove their face masks during voir dire. More specifically, he argues that "the partially covered faces of the veniremen during voir dire prevented the defendant from observing the veniremen's demeanor and was inadequate voir dire."  He argues on appeal that such a restriction inhibited his ability to exercise his preemptory strikes.  He explains

3

that "a veniremen who verbally responded that he did not know the appellant, but licked his lips and smiled, would likely cause a reasonable person to question the authenticity of that juror's statement based on the strange demeanor that accompanied the response." He further argues the following:

> [H]ow can the State prosecute Miketerrio Cooper and ask the jury to rely on demeanor, body language and nonverbal communication to convict him but deprive the appellant of that same ability when choosing his impartial jury?
>
> The answer to that question is plain, simple, and clear—in the United States of America and the State of Arkansas, you cannot do such a thing. The fact that it occurred created an unfair trial, or at the least calls into question the fairness of the trial, because the State used something to convict the appellant that should have been available for him to use in choosing his constitutionally guaranteed impartial jury. Additionally, this begs another pressing question—how did the circuit judge fulfill her obligation to ensure an impartial jury was selected when she could not see veniremen's faces? The appellant does not believe that this jury was impartial or that his state and federal rights to the guarantee of an impartial jury were met because the circuit court abused its discretion by not requiring the veniremen to remove their masks during voir dire.

Although appellant recognizes the need to ensure the safety of the people administering justice, he argues that his constitutional right to a fair trial and an impartial jury should not yield.

Voir dire is conducted to identify and eliminate unqualified jurors; those who are not able to impartially follow the court's instructions and evaluate the evidence. *Reid v. State*, 2019 Ark. 363, 588 S.W.3d 725. How this is accomplished falls within the court's discretion because the extent and scope of voir dire falls within the broad discretion of the circuit court. *Id.* Accordingly, we will not reverse voir dire restrictions unless that discretion is clearly abused. *Id.* An abuse of discretion occurs when the circuit court acts arbitrarily or groundlessly. *Id.* Further, persons comprising the venire are presumed to be unbiased

and qualified to serve, and the burden is on the party challenging a juror to prove actual bias. *Spencer v. State*, 348 Ark. 230, 72 S.W.3d 461 (2002).

The State argues that appellant's argument is without merit in light of our supreme court's per curiam opinion that was in effect at the time of appellant's trial, which was also acknowledged by appellant in his brief. *See In Re Response to the COVID-19 Pandemic*, 2020 Ark. 249 (per curiam). We agree with the State.

On June 11, 2021, our supreme court stated the following in its per curiam opinion:

Today, we announce the following new protocols to resume some in-person proceedings while maintaining the safety of the proceedings' participants, along with the safety of the greater public.

First, there shall be no more than 50 people in the courtroom or venue where court is being conducted, provided there is adherence to the Arkansas Department of Health guidelines. Those guidelines include: *everyone in the room using face masks or coverings*; social distancing of at least 6 feet; mandatory body-temperature checks and health questionnaires before entry into either the building or the courtroom; having hand soap and sanitizer available; and sanitizing high-touch areas during the day and after the day's proceedings. These guidelines shall apply to every person in the room used for court proceedings.

Second, the suspension of jury trials shall end on June 30, 2020, and jury summons may begin to be issued immediately for jury service that begins on or after July 1, 2020.

Third, civil jury trials may be conducted, in whole or in part, by videoconference. Criminal jury trials shall be conducted in person, except that voir dire may be conducted by videoconference by agreement of the parties.

*In Re Response to the COVID-19 Pandemic*, 2020 Ark. 249, at 1–2 (emphasis added).

Because our supreme court had mandated that "everyone" in the courtroom use face masks and did not delineate any exceptions, we cannot say that the circuit court abused its discretion in following our supreme court's mandate. Moreover, we have repeatedly held that we also must follow the precedent set by the Arkansas Supreme Court and are powerless

5

as an intermediate appellate court to overrule its decisions. *Konecny v. Federated Rural Elec. Ins. Exch.*, 2019 Ark. App. 452, 588 S.W.3d 349; *Christian v. State*, 2018 Ark. App. 594, 566 S.W.3d 527; *Parnell v. Ark. Dep't of Hum. Servs.*, 2018 Ark. App. 108, 538 S.W.3d 264; *Castrellon v. State*, 2013 Ark. App. 408, 428 S.W.3d 607; *Breckenridge v. Ashley*, 55 Ark. App. 242, 934 S.W.2d 536 (1996); *see also Staggs v. State*, 2021 Ark. App. 259 (finding no error after Staggs argued that the circuit court violated his Sixth Amendment right to counsel by denying his request for a continuance because his counsel could appear only by videoconference due to his COVID-19 diagnosis). Accordingly, following our supreme court's protocols as set forth in *In Re Response to the COVID-19 Pandemic*, we must affirm.

Affirmed.

HARRISON, C.J., and KLAPPENBACH, J., agree.

*Lancaster Law Firm, PLLC*, by: *Clinton W. Lancaster*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.