**UNITED STATES of America, Plaintiff-Appellee,**

v.

**David N. WILDER, Defendant-Appellant.**

**No. 81–1510.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 1982.

Decided June 10, 1982.

Filed June 22, 1982.

Rehearing and Rehearing En Banc Denied Aug. 5, 1982.

William Dee Morris, Missoulam, Mont., for defendant-appellant.

Peter Mueller, Asst. U. S. Atty., Tacoma, Wash., for plaintiff-appellee.

Before WRIGHT, SKOPIL, and ALAR-CON, Circuit Judges.

PER CURIAM:

Following oral argument, we ordered that the judgment be affirmed and that an opinion would follow.

This appeal is frivolous. An admitted tax protester, Wilder refused to report his 1975 income on the ground that U. S. currency is not based upon a gold or silver standard. Evidence at trial showed he deliberately relied on the usual "tax protester strategies" to avoid paying income taxes.

Early in the proceedings, he failed to obtain an attorney and, when offered appointed counsel, he returned the financial affidavit form with "5th Amendment" objections inserted in spaces where income was to be reported.

He refused to plead. He filed a barrage of frivolous pretrial motions, and from their denial took an interlocutory appeal which was dismissed for lack of jurisdiction.

The trial was twice continued, and when he was denied an additional 60-day continuance, he petitioned this court for a writ of mandamus, which was denied as frivolous.

On the first day of trial, he approached and questioned a juror. This resulted in delay, an inquiry of the juror, and in revocation of Wilder's bail.

He delayed the present appeal by failing to timely designate and order the reporter's transcript.

He now argues:

(1) The district court erred in denying his motions to dismiss for unreasonable delay between the time of his offense and his being charged;

(2) He was denied effective assistance of counsel because he was not granted continuance once his present counsel, William Dee Morris, accepted the defense;

(3) The jury instructions applied incorrect legal standards and offended the prohibition against ex post facto laws because the trial court applied present law to his past offense;

(4) He was denied a fair trial because the district court revoked his bond following his interrogation of the juror;

(5) The court abused its discretion by imposing a $10,000 cash bond pending appeal; and

(6) The court abused its discretion in sentencing him to the maximum allowable penalty, commitment for one year and a fine of $10,000.

■ These arguments are frivolous. Wilder has not shown that the government deliberately or in bad faith delayed his prosecution. Nor does he show any prejudice from the delay. *See United States v. Marion*, 404 U.S. 307, 325, 92 S.Ct. 455, 466, 30 L.Ed.2d 468 (1971); *United States v. Mills*, 641 F.2d 785, 788 (9th Cir.), *cert. denied*, 454 U.S. 902, 102 S.Ct. 409, 70 L.Ed.2d 221 (1981); *United States v. Cederquist*, 641 F.2d 1347, 1351 (9th Cir. 1981); *United States v. Nixon*, 634 F.2d 306, 310 (5th Cir.), *cert. denied*, 454 U.S. 828, 102 S.Ct. 120, 70 L.Ed.2d 103 (1981).

■ He has not alleged any specific prejudice from the late entrance of Mr. Morris to his case, and he had ample warning and time to obtain counsel prior to trial. He may not urge his own recalcitrance in obtaining counsel as a ground for reversal. *See United States v. Portillo*, 633 F.2d 1313, 1324–25 (9th Cir. 1980), *cert. denied*, 450 U.S. 1043, 101 S.Ct. 1763, 68 L.Ed.2d 241 (1981).

■ Though he seems to argue that he could not foresee our holding in *United States v. Neff*, 615 F.2d 1235 (9th Cir.), *cert. denied*, 447 U.S. 925, 100 S.Ct. 3018, 65 L.Ed.2d 1117 (1980), and that application of that holding in the court's instructions was therefore a violation of the ex post facto clause, *Neff* was not the type of radical, unforeseeable departure from prior law that would implicate the ex post facto clause. *Bouie v. City of Columbia*, 378 U.S. 347, 353, 84 S.Ct. 1697, 1702, 12 L.Ed.2d 894 (1964).

Before Wilder's offense, other courts had reached the same conclusion regarding "blanket" assertions of the Fifth Amendment. *See, e.g., United States v. Daly,* 481 F.2d 28 (8th Cir.) (per curiam), *cert. denied,* 414 U.S. 1064, 94 S.Ct. 571, 38 L.Ed.2d 469 (1973); *United States v. Porth,* 426 F.2d 519 (10th Cir.), *cert. denied,* 400 U.S. 824, 91 S.Ct. 47, 27 L.Ed.2d 53 (1970).

Wilder's argument is especially difficult to fathom in light of the fact that he received, over the government's objection, an instruction on good faith.

■ Revocation of bail was within the court's discretion. Wilder does not allege that he was denied the right to speak with his counsel while incarcerated or that his defense was hampered. Indeed, the transcript shows a federal marshal attended the trial and was ready to retrieve Wilder or to give Morris access to him if needed. Morris acknowledged this arrangement.

■ His objection to the bond pending appeal should have been raised earlier in a motion to reduce or modify conditions of release pending appeal. Raised for the first time in his appellate briefs, it comes too late.

■ His objection to his sentence ignores the fact that it was within the legal limits. *See United States v. Doe,* 655 F.2d 920 (9th Cir. 1980). In light of his actions before trial and his defiance at sentencing, the penalty is not surprising.

The judgment also ordered the appellant to pay the cost of prosecution and defense, including docket fees, witness fees and expenses, and attorney's fees and expenses of court-appointed counsel, a total of $5,464.38.

The judgment and sentence are affirmed. Wilder is ordered to pay the cost of the transcript and the costs on appeal. Fed.R. App.P. 38. Wilder and his attorney, Morris, shall each pay the government $500 for the increased expense caused by the unreasonable and vexatious conduct in this and other appeals to this court. 28 U.S.C. § 1927; *McConnell v. Critchlow,* 661 F.2d 116, 118–19 (9th Cir. 1981). THE MANDATE WILL ISSUE AT ONCE.