978 F.2d 715
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul Julian MANEY, Petitioner-Appellant,
v.
Carlton ZENON, Respondent-Appellee.
 No. 91-36040.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 3, 1992.
Decided Nov. 6, 1992.
 
 Before TANG, BRUNETTI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner Paul Julian Maney was convicted in Oregon state court of aggravated murder, for the death of Ronald Pagnano. The indictment alleged that Maney shot a "witness in a criminal proceeding," in violation of O.R.S. 163.095(2)(a)(E). A jury found him guilty. He was sentenced to life imprisonment and received an enhanced penalty for the aggravated murder conviction. On direct appeal, defendant asserted that the murder victim was not, in fact, a "witness in a criminal proceeding" within the meaning of the statute because, at the time of his death, the victim was not serving as a witness, had not been subpoenaed to testify, nor was there any evidence that he had ever testified as a witness in a criminal proceeding related to defendant. The Oregon Court of Appeals affirmed defendant's conviction without opinion.
 
 
 3
 The Oregon Supreme Court affirmed the Court of Appeals in State v. Maney, 297 Or. 620, 688 P.2d 63 (1984). That court recognized the ambiguity in the phrase "witness in a criminal proceeding," and undertook to clarify its meaning. Although it did not attempt to define the "outer limits" of the phrase, the court did determine "witness in a criminal proceeding" under O.R.S. 163.095(2)(a)(E) to include not only a person who has been formally summoned or has already testified at some stage of a criminal proceeding, but also to include "someone who knows or is expected to know material facts of a crime and is likely to be summoned to testify about those facts at some stage of a criminal proceeding." Id. at 626. The Oregon Supreme Court found the victim Pagnano to fall within this definition, and rejected Maney's challenge to his conviction.
 
 
 4
 Maney sought habeas corpus relief in federal court, for several alleged errors which he claimed infected the state court proceedings. A federal magistrate issued findings and recommendation against petitioner, and the district court adopted those findings and dismissed the habeas petition. We affirm.
 
 
 5
 A district court's decision to grant or deny a petition for habeas corpus is reviewed de novo. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc).
 
 
 6
 Maney relies on Bouie v. City of Columbia, 378 U.S. 347 (1964), for his contention that the Oregon Supreme Court violated his due process rights by applying its construction of the statute "retroactively" to the case then under consideration. Maney's argument on this ground fails. The vitality of the principles contained in the Bouie decision is not in question. Subsequent decisions, however, have made clear that these principles do not control the result in this case.
 
 
 7
 In Bouie, the effect of the state supreme court's decision was to criminalize conduct that was not illegal at the time it was committed. That was not the case here. Maney makes no assertion (nor could he) that killing Pagnano was not proscribed conduct until the Oregon Supreme Court's decision. The only uncertainty that could have existed was whether his act constituted simple murder or aggravated murder.
 
 
 8
 The principle underlying Bouie is that due process forbids the imposition of criminal penalties against a defendant who had no fair warning that his conduct violated the law. See Marks v. United States, 430 U.S. 188, 191-92 (1977). That concern is absent here. It cannot be said that someone in Maney's position would be "surprised to learn that his [conduct] in this case constituted a crime." Osborne v. Ohio, 495 U.S. 103, 116 (1990). Because Maney had notice that his conduct was criminal, his case differs from Bouie. Id.
 
 
 9
 The decisions of this court further support the conclusion that petitioner's claim of error on this point is without merit. In McSherry v. Block, this court considered in some depth the precise issue here implicated: "[w]hether the [state] court's construction can be applied retroactively to [appellant] consistent with due process." 880 F.2d 1049, 1053 (9th Cir.1989), cert. denied, 111 S.Ct. 1404 (1991), (quoting Lovely v. Cunningham, 796 F.2d 1, 5 n. 4 (1st Cir.1986)).
 
 
 10
 In order to find the state supreme court's construction of the statute violative of due process, the construction actually given the statute must have been unforeseeable. The Oregon Supreme Court's interpretation in this case cannot be so classified. It was not "so unexpected, so outlandish, that no reasonable person could have expected it," id. (quoting Welton v. Nix, 719 F.2d 969, 970 (8th Cir.1983)), nor did it constitute a radical, unforeseeable departure from prior law. United States v. Wilder, 680 F.2d 59, 60 (9th Cir.1982); see also United States v. Walsh, 770 F.2d 1490, 1492 (9th Cir.1985).
 
 
 11
 The level of culpability of defendant's conduct is also relevant to the determination of whether defendant was deprived of fair notice. McSherry, 880 F.2d at 1054-55. We consider the quality of appellant's conduct, "irrespective of his proffered interpretation of the statute." Id. at 1055. This factor also weighs against appellant Maney.
 
 
 12
 We find that the interpretation of the Oregon Supreme Court was not unforeseeable, and application of that interpretation was therefore not violative of Maney's due process rights. See id. at 1057-58; see also Darnell v. Swinney, 823 F.2d 299, 301 (9th Cir.1987), cert. denied, 484 U.S. 1059 (1988).
 
 
 13
 Maney next complains that the state trial court violated his Sixth and Fourteenth Amendment rights by refusing to permit him to present to the jury testimony of several witnesses to show that persons other than Maney had a motive to kill the victim Pagnano. To evaluate whether exclusion of evidence reaches constitutional proportions, we must weigh the competing interests of the state and the defendant. See Perry v. Rushen, 713 F.2d 1447, 1452 (9th Cir.1983), cert. denied, 469 U.S. 838 (1984). In Perry, this court considered a defendant's challenge to a California court's application of the California evidentiary doctrine analogous to that applied to Maney by the Oregon court.[1] We concluded that the state had a significant interest in the application of the rule, as it lessened the "possibility of undue diversion of the trial by injection of a collateral issue," and helped avoid "unsupported jury speculation as to the guilt of other suspects." Id. at 1453. That interest was held to outweigh the defendant's interest, because the evidence offered by the defendant had only slight probative value. Id. at 1454-55.
 
 
 14
 The logic of Perry compels the same result in this case. The Oregon courts' interest in the efficient administration of justice is no less than that of the courts of California. Further, the significance of the evidence offered by Maney is even less than that considered by this court in Perry.
 
 
 15
 As the trial court recognized, the probative value of Maney's evidence was "questionable" on the issue for which it was offered. The import of the evidence is even further lessened due to the fact that petitioner was not seeking to admit the evidence to prove that someone else may have committed the crime. In addition, much of the evidence would have been inadmissible on other evidentiary grounds.
 
 
 16
 As we noted in Perry, "[e]vidence of little importance, whether merely cumulative or of little probative value, will almost never outweigh the state interest in efficient judicial process." Id. at 1453. The evidence offered by Maney was "sufficiently collateral and lacking in probity ... that its exclusion did not violate the sixth and fourteenth amendments." Id. at 1455. Oregon, too, "may constitutionally require more cogent evidence than this before opening up collateral issues at trial." See id.
 
 
 17
 Maney next claims that the state court's denial of his request to examine the prosecutor as a witness violated his rights under the Sixth and Fourteenth Amendments. Appellant asserts that he should have been allowed to question the prosecutor, but offers no rationale or legal authority upon which this court could find the trial court's ruling to be erroneous; indeed, he does not even set forth the basis for that ruling. Neither does appellant address the findings of the court below to support reversal of the denial of habeas relief on this ground. Because appellant has failed to satisfy the requirements of F.R.A.P. 28(a)(5) that the required argument in the brief of the appellant "shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor with citations to the authorities, statutes, and parts of the record relied on," we decline to consider this issue. See United Food & Commercial Workers v. Food Employers Council, 827 F.2d 519, 522 (9th Cir.1987).
 
 
 18
 Finally, Maney complains of the prosecutor's advising Detective Fitz, a potential witness, "that he did not have to talk to the defense, thereby encouraging the police not to cooperate with the defense." [Appellant's brief at 9]. Appellant relies on Gregory v. United States, 369 F.2d 185, a 1966 decision by the D.C. Circuit, in support of this argument. In Gregory, the D.C.Circuit held that the defendant was denied a fair trial when the prosecutor advised witnesses not to talk to anyone unless he was present. 369 F.2d at 187-88.
 
 
 19
 United States v. Black, 767 F.2d 1334 (9th Cir.), cert. denied, 474 U.S. 1022 (1985), disposes of appellant's contention. In Black, this court recognized that it is "not improper" for a prosecutor to advise a witness of his right to decline the defendant's request for an interview. Id. at 1338. In affirming the district court's denial of relief to the defendant, we specifically noted that Gregory does not control this situation. Id. at 1338 & n. 2. For the same reasons, Maney is not entitled to relief on this ground.
 
 CONCLUSION:
 
 20
 For the foregoing reasons, the decision of the district court denying the petition for habeas corpus relief on these grounds is affirmed.
 
 
 21
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 California's "Mendez-Arline " rule, was summarized: "Evidence of third party culpability is inadmissible 'if it simply affords a possible ground of suspicion against such person; rather, it must be coupled with substantial evidence tending to directly connect that person with the actual commission of the offense.' " Id. at 1449 (citations omitted)